## Medleycott v. Harris

*William G. Klenk, 2d*, for plaintiffs.

*Steven B. Harris, George M. Bush* and *Frederick E. Smith*, for defendants.

BECKERT, J., December 11, 1973.—A complaint in trespass was filed in the above-captioned matter on July 1, 1971, alleging therein that on July 6, 1969, Alice E. Medleycott, minor plaintiff, was injured as the result of being kicked by a horse. It was pleaded that the injury occurred at a time when plaintiff was preparing her horse for the purpose of showing the horse in a show sponsored by one of the defendants, (Huntingdon Valley Pony Club) at a farm owned by defendant, Arthur R. Harris, Esq. It is further averred that a defendant, Joseph Freedman, also referred to as Friedman in the pleadings, was the agent, servant or employe of a defendant John Trainor and was preparing a horse named Strawboss, which

was owned by defendants "Judy Waltrich and/or Anthony Waltrich" for showing by Trainor, and Strawboss was permitted to "unrestrictedly back up and kick the minor plaintiff." To the complaint, a series of preliminary objections were filed. The first that we shall here deal with were filed on behalf of defendants, Freedman and Trainor. Both preliminary objections are in the nature of a demurrer which attacks paragraph 14 of the complaint. Paragraph 14 reads:

"As a result of the negligence of the defendants herein, jointly and/or severally, their agents, servants and/or employees, the parent plaintiff, Clyde E. Medleycott, has undergone severe physical pain and mental anguish and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss."

It should be noted that the complaint does not plead that Clyde E. Medleycott was directly involved in the accident, that he witnessed the kicking, nor was in the immediate vicinity at the time it took place. Paragraph 14, therefore, seeks damages for his mental anguish due to the fact that his daughter sustained injuries. While we cannot quarrel with the statement that a parent suffers a type of mental anguish and perhaps even physical pain when his child is injured, we know of no existing legal rationale under which the parent may be monetarily compensated for such "suffering." There is no natural right in one person to damages for injuries inflicted upon another: Neuberg v. Bobowicz, 401 Pa. 146 (1960); Sartori v. Gradison Auto Bus Co., Inc., 42 D. & C. 2d 781 (1967).

The law on this subject was extensively reviewed by Judge Garb, of this court, in Sherman v. Heitz, 46 D. & C. 2d 177, 18 Bucks 537 (1968). In sustaining

preliminary objections in that case, Judge Garb stated at page 182:

"As we view the law and its present direction a cause of action arising from a negligently inflicted physical injury to another is an anachronism and not to be extended beyond the bounds traditionally acknowledged."

Therefore, based upon the Sherman decision and the cases cited therein, we are obliged to conclude that the damages sought are not within any Pennsylvania recognized exceptions to the general rule barring vicarious recovery and, accordingly, defendants' demurrer to paragraph 14 of the complaint must be sustained.

In addition, defendant Arthur R. Harris, Esq., has filed preliminary objections to the complaint. We believe that the first enumerated preliminary objection has merit, that being the "motion to dismiss for failure to join an indispensable party." As previously stated, this accident occurred at a horse show that was being held on Fairfield Farm, located at Warrington in this county. The complaint avers that defendant Harris "at all material times was the owner and possessor of Fairfield Farm"; that the kicking episode took place "at the farm owned by the defendant, Arthur R. Harris, Esquire . . ." The negligence alleged as being attributable to defendant Harris appears to be the failure of the property owner to provide a safe area for the showing of horses, failure to provide stalls and fenced areas and to generally allow his property to be unsafe for the purpose for which it was to be used. The preliminary objections set forth that Fairfield Farm was, on the day of the incident, owned by defendant and Mary Elizabeth Harris as tenants by the entireties. A copy of the deed to the property is attached

to the preliminary objections in support of this aver-ment. The preliminary objections are endorsed with a notice to plead thereto within 20 days of service. No answer has been filed and, therefore, we must accept this averment as correct.

In light of this, defendant, Harris, argues that this action as to him should be dismissed for failure to join a necessary party as required by Pennsylvania Rule of Civil Procedure 2227. We agree and, there-fore, conclude that Pa. R. C. P. 2227 dictates dis-missal of an action brought against only one party where there exists no timely attempt to join an indis-pensable party as a defendant. Plaintiffs had ample opportunity to join both defendants, for it is obvious that the plaintiff knew that defendant, Arthur R. Harris, Esq., was at least in partial title to the prop-erty, and, armed with that information, a cursory search in the recorder of deeds office would have disclosed that title was held not by him alone, but by Harris and his then wife, Mary Elizabeth Harris, as tenants by the entireties. If case authority is needed to sustain this position, see Minner v. Pitts-burgh, 363 Pa. 199 (1949); Martier v. Equitable Gas Co., 42 D. & C. 2d 572 (1967); Sampson v. Goodrich, 58 Del. Co. 63 (1970); Capodici v. Catalini, 50 D. & C. 2d 714 (1970).

In view of this result, we need not pass on the re-maining preliminary objections of defendant Harris and, in accordance with the conclusions reached herein, we enter the following

## ORDER

And now, December 11, 1973, the preliminary ob-jections of defendants, Josephine Freedman, also designated as Josephine Friedman, and John Train-or, in the nature of demurrers to Paragraph 14 of

plaintiff's complaint are sustained. Defendant Arthur H. Harris, Esquire's preliminary objection in the nature of a motion to dismiss for failure to join an indispensable party is sustained and the complaint against him is hereby dismissed.