393 A.2d 900

**Ida T. Lynott SGRO**

v.

**Rocco R. SGRO, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1978.

Decided Oct. 20, 1978.

426

Robert F. Pappano, Chester, for appellant.

Donald H. Pugh, Media, on brief for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

The parties to these proceedings are husband and wife, separated since November 1973, but not divorced. The wife-appellee brought this action to secure a partition of property, both real and personal, held by the parties as tenants by the entireties. The lower court en banc awarded partition of both real and personal property after argument on exceptions to the adjudication in which partition of the real estate had been denied but allowed as to personalty, and the husband appealed.

The parties were married in 1971. They then took up residence in a home previously owned by the husband which shortly thereafter was placed in their joint names as tenants by the entireties. They also established a joint savings account in the Southeast National Bank from which, on February 13, 1973, the husband withdrew all funds deposited

therein which he placed in an account in his own name alone. This was done without the knowledge or consent of the wife. Subsequently, he withdrew funds from that account which he used to repay a debt he owed his brother.

The fact that the husband used the aforesaid funds to pay a debt for which he was solely liable was a disputed one. The husband contended the funds were used to pay a debt incurred for improvement of the home they owned and occupied, that the wife received the benefits from same, was aware of the debt and was equally responsible for repayment of it. The chancellor found in favor of the wife, that the debt of $1000.00 was solely that of the husband, and that he had withdrawn from the joint account $659.24 which he used to repay part of the debt to his brother.

One of the issues presented to us is whether there was evidence to support this finding. Although an appellate court does not weigh the evidence, resolve its conflicts, or pass upon the credibility of witnesses, *J. R. Christ Construction Co. v. Olevsky,* 426 Pa. 343, 232 A.2d 196 (1967), review of the record in this case clearly indicates from the testimony of the wife that she was aware of the fact the money was secured from appellant's brother and used for the improvement of the entirety real estate, although she denied any obligation to repay the money, she testified on cross examination that the brother had told them that "since it was his brother he didn't have to pay it back". Although it is contended by appellee that the procurement of the money was not a loan but was a gift, the lower court found that it was a loan.

Based on the foregoing, it appears that the lower court erred in its conclusion that the appellant husband was solely liable for this debt. There is, with respect to entireties property, a well established presumption that during the term of a marriage either spouse has the power to act for both, without specific authorization, so long as the benefits of such action inure to both. *J. R. Christ v. Olevsky* (supra).

There is no evidence in the instant case to overcome that presumption.

The order of partition is reversed and the action dismissed.

HOFFMAN, J., did not participate in the consideration or decision of this case.