445 A.2d 1308

**Jerome MOOREHEAD, Appellant,**

v.

**Milton LOPATIN.**

Superior Court of Pennsylvania.

Argued April! 13, 1982.

Filed May 28, 1982.

William R. Haushalter, Pittsburgh, for appellant.

Alan Frank, Pittsburgh, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Plaintiff appeals from the order of the lower court granting summary judgment based upon the failure of the plaintiff to join, as a necessary party defendant, the defendant's wife who held title as tenant by the entireties to the subject real estate. Since we believe that, in an action for personal injuries occasioned by the alleged negligent maintenance of real estate by the owner, the joinder of tenants by the entireties who share ownership in the subject property is compulsory, we affirm.

The facts upon which summary judgment was granted are not in dispute. The complaint alleged that on February 4, 1978, plaintiff sustained personal injuries at premises owned by the defendant, Milton Lopatin, which injuries were caused by the latter's negligence. The complaint was initially filed on January 17, 1980. Six months later, the complaint was reinstated and the individual defendant was served on August 14, 1980.

In his answer and new matter, the defendant averred that the subject real estate had been owned by himself and his wife, as tenants by the entireties, since August 30, 1976, and that a deed showing their joint ownership had been recorded in the county office of the Recorder of Deeds on August 31, 1976. These facts were admitted by the plaintiff in his reply to new matter. At the time of consideration of the defendant's motion for summary judgment, the defendant's wife was not named as a party defendant, there had been no attempt to join the wife as a defendant, and the time in

which permissive joinder might have occurred had long since passed.[1]

Rule 2227(a) of the Pennsylvania Rules of Civil Procedure relating to Compulsory Joinder, provides, as follows:

(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

■ Whether Rule 2227(a) requires the granting of summary judgment in an action brought against a married person, where there exists no timely attempt to join the spouse in a suit in trespass alleging negligent maintenance of real estate held as tenants by the entireties, does not appear to have been previously decided by our appellate courts. Clear guidance as to the correct result to be achieved may be found, however, in *Minner v. Pittsburgh*, 363 Pa. 199, 69 A.2d 384 (1949).

In *Minner*, our supreme court considered the argument brought on appeal by two of three devisees of real estate that a judgment entered on a jury verdict against them should be set aside since the third devisee had not been served with the complaint and had, therefore, not been required to defend the action. Each of the defendant-appellants had received a ⅙ interest in real estate owned by their uncle during his lifetime. The uncle had devised the remaining ⅔ interest to a third nephew who was also named as a party defendant but who had not been served. Then trial judge Michael A. Musmanno, Jr. had entered judgment on the verdict against both the original defendant, the City of Pittsburgh, and the additional defendants, the devisee-property owners. In rejecting the property owners' claim that the nonservice of the third property owner resulted in a failure to join an indispensable party, our supreme court declared:

1. The plaintiff placed the case at issue by his praecipe filed October 14, 1980. Cf. Pa.R.C.P. 1026, Pa.R.C.P. 1033. The motion for summary judgment was not filed until February 13, 1981. Answers to interrogatories directed to plaintiff had been previously filed on January 7, 1981.

*The liability for the negligence complained of having grown out of ownership of real estate held by tenants in common, all three owners were required to be joined. 20 R.C.L. 678, 17. Accordingly, the City named [the three nephews] in its complaint to bring them in as additional defendants. However, [one nephew] was not served, but that fact did not bar proceeding to trial and obtaining a verdict in the City's favor, for the full amount of the verdict ... against [two nephews], both of whom were served.[1] We are satisfied that no error was committed in refusing the motion of these appellants for a new trial.*

363 Pa. at 205, 69 A.2d at 387. (Footnote omitted; emphasis added).

In the instant appeal, the plaintiff was on notice that the property in question was held jointly by virtue of the deed recorded seventeen months before the accident, which deed remained of record at the time the complaint was filed. Though plaintiff could have sought leave to amend his complaint, such amendment would have been to no avail at any time after February 3, 1980, due to the applicable statute of limitations.

Plaintiff attempts to argue, in his brief, that the property in question was under the exclusive possession, maintenance and control of the named defendant only, and that the lawsuit is based upon the failure of the named "spouse in possession to fulfill duties of care to the plaintiff." We need not consider this argument, inasmuch as the complaint filed contains merely the bare averment that:

2. Defendant is an individual whose residence is unknown, who is the owner of real estate located at 1325 Fifth Avenue, Pittsburgh, Allegheny County, Pennsylvania.

Neither the complaint nor the reply to new matter contain even a suggestion that the plaintiff viewed the defendant as anything other than the owner of the real estate.[2]

2. We note, with disapproval, that the reproduced record contains a copy of the complaint which is at variance with the original filed in this case. In the reproduced record, there is a handwritten interline-

The subject matter of this action is the real estate at 1325 Fifth Avenue in the City of Pittsburgh. We are satisfied that the named defendant and his spouse held only a joint interest in the subject real estate at all times material to this action. *Cf. Maloney v. Rodgers*, 184 Pa.Super. 342, 350, 135 A.2d 88, 92 (1957); *Uzarski v. Union National Bank*, 152 Pa.Super. 433, 436, 33 A.2d 459, 461 (1943).

■ Pa.R.C.P. 2227(a) requires dismissal of an action, brought against only one party where there exists no timely attempt to join another necessary party as a defendant. *Minner v. Pittsburgh, supra.*[3]

■ Where, as here, the plaintiff seeks to proceed against only one person upon a cause of action involving the alleged negligent maintenance of real estate owned by two parties as tenants by the entireties, and where no attempt has been made to amend the complaint to join the spouse within the period allowed by the applicable statute of limitations, we find no difficulty in holding that summary judgment dismissing the complaint is dictated.

The order granting summary judgment is affirmed.

ation to Paragraph 2 of the complaint, set forth above, which would appear to be an attempt to bolster plaintiff's argument. The propriety of submitting a purported copy of a document which places averments before this court which are not of record is, at least, questionable.

**3.** Several lower court cases have considered the issue posed here, and have reached an identical result. *See, Martier v. Equitable Gas Co.*, 42 Pa.D. & C.2d 572 (1967) (complaint dismissed where defendant failed to join tenant by entireties of property on which plaintiff sustained injury, and statute of limitations had run); *Sampson v. Goodrich*, 58 Del.Co.Rep. 63 (1970) (summary judgment granted where plaintiff failed to join tenant by entireties, failed to answer request for admission, and statute of limitations had run); *Capodici v. Catalini*, 50 Pa.D. & C.2d 714 (1970) (summary judgment granted following amendment to complaint joining tenant by entireties where bar of statute of limitations raised as new matter); *Medleycott v. Harris*, 60 Pa.D. & C.2d 780 (1973) (preliminary objection raising failure to timely join tenant by entirety as necessary party sustained).