499 A.2d 632

**Riney MITCHELL, Appellant,**

**v.**

**PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 16, 1985.

Filed Oct. 4, 1985.

328

Thaddeus J. Bartkowski, II, Philadelphia, for appellant.

M. Landon Spencer, Philadelphia, for appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

CERCONE, Judge:

The parties are before this court upon the lower court's denial of appellant's petition to compel a second arbitration hearing, involving an automobile accident in which appellant was involved, in pursuance of a claim against a party different than the one he brought suit against in the first arbitration proceedings. Appellant was involved in the automobile accident at an intersection with an identified and insured driver whom appellant averred was the cause of the accident. Subsequently an arbitration panel trying the case between appellant and the identified and insured driver rendered an award in favor of the driver and against appellant.[1] Appellant now seeks to pursue a second arbitration hearing claiming compensation under the uninsured motorist clause of his automobile policy with Prudential Property and Casualty Insurance Company (Prudential) on the grounds that a parked truck, obstructing his view of the intersection where the accident happened, caused him to collide with the other car. He alleges the identity of the driver of the parked truck was not possible because he blacked out in the accident. The lower court in an opinion authored by Judge White of the Philadelphia County Court of Common Pleas stated that appellant's policy, in its uninsured motorist provision, provided for hit-and-run situations and did not contemplate an unidentified parked vehicle and accordingly denied appellant's petition to compel arbitration a second time. We reverse.

The insurance policy under which appellant was insured provides uninsured motorist coverage under the following conditions:

> If you've paid for this coverage (see Declarations Page), we'll pay you the amount you should have collected as

---

1. *Mitchell v. Baratta,* Court of Common Pleas, Philadelphia County, June Term 1980 No. 506.

damages for bodily injury from the person or organization responsible for the car accident in which you are injured, but only when you could not collect because:

The person or organization responsible for the accident has no liability insurance or had inadequate (less than the amount required by your state's financial responsibility law) liability insurance coverage at the time of the accident.

The person or organization responsible for the accident has adequate liability insurance coverage at the time of the accident, but, for some reason, the company writing the insurance denies coverage.

Neither the driver nor the owner of the car which caused injury by hitting a person insured under this part (or by hitting a car that person was occupying at the time of the accident) can be identified.

Appellee, Prudential, contends that appellant's claim falls under the last paragraph, supra, of the uninsured motorist provision and that this paragraph applies only to hit-and-run situations. Appellant argues that the Uninsured Motorist Coverage Act[2] is designed to insure compensation to one who is injured through the fault of any driver who cannot respond in damage for injuries and that furthermore, contact is not necessary so long as the claimant can prove that there was another culpable vehicle involved.

2. Act of August 14, 1963, P.L. 909 § 1 as amended December 19, 1968 P.L. 1254 No. 397 § 140 P.S. § 2000. The pertinent part of the Act reads as follows:

(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as fixed from time to time by the General Assembly in section 1421 of article XIV of "The Vehicle Code," act of April 29, 1959 (P.L..58), under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom. . . .

Initially we note that Pennsylvania courts have consistently declared that the Uninsured Motorist Coverage Act be liberally construed in order to achieve the intent of our legislature to provide monetary protection to persons who, while lawfully using the highways, have suffered injury at the hands of an irresponsible driver. *See, Estate of Rosato v. Harleysville Mutual Insurance Company*, 328 Pa.Super. 278, 476 A.2d 1328 (1984); *Pattani v. Keystone Insurance Company*, 426 Pa. 332, 231 A.2d 402 (1967). However, because an unscrupulous driver could claim that his injuries are the result of an unidentifiable driver's negligence when in fact he is at fault, many states incorporate provisions in their uninsured motorist insurance act that limit the coverage to bodily injury that arises out of physical contact between a hit-and-run vehicle and a claimant's car. Such provisions are intended to prevent fraud. By requiring that there be physical contact when the identity of the offending motorist is unknown legislators sought to foreclose claims arising from accidents allegedly caused by unidentifiable drivers but which in reality had resulted from the the driver's own acts of negligence. 1. Widiss, *Uninsured and Underinsured Motorist Insurance*, p. 326 § 92, (2d ed. 1985). Pennsylvania has not adopted this position. In *Webb v. United States Automobile Association*, 227 Pa.Super. 508, 323 A.2d 737 (1974) this court addressed the issue of whether the "physical contact" requirement was repugnant to the Uninsured Motorist Coverage Act. Our court concluded that:

> While it would certainly eliminate the possibility of fraud to hold the physical contact clause valid, it would also eliminate any hope of recovery in cases clearly involving another negligent motorist who has avoided liability by getting away. This latter situation is surely within the contemplation of the Uninsured Motorist Coverage Act, and the possibility of fraud can be mitigated by the burden of proof placed on the claimant. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact.

Furthermore, insurance companies are insulated from the burden of untrammeled fraudulent claims when the burden of proof to show that an unidentifiable vehicle was the cause of an accident is placed on the proponent of the claim. *Gerardi v. Harleysville Insurance Company,* 293 Pa.Super. 375, 439 A.2d 160 (1981).

■ Under *Webb, supra,* Pennsylvania's Uninsured Motorist Coverage Act includes accidents which are caused by a driver whose vehicle did not come in contact with a claimant's car. Here we must decide Prudential's contention that appellant's failure to claim in his first arbitration that an unidentifiable parked vehicle obscured his vision so that he collided with another car precludes a second arbitration under the uninsured motorist provision of appellant's policy.

Thus we must decide whether appellant can receive compensation for his injuries under both the no-fault and the uninsured motorist provisions of his policy. If double recovery is allowed then a further question arises as to whether appellant had to advance his uninsured motorist claim at the first arbitration when the no-fault provisions of his policy were litigated.

■ In keeping with the legislative mandate of liberal construction of the Uninsured Motorist Coverage Act our courts have demonstrated a propensity for deciding that a party can receive benefits under both the no-fault and uninsured motorist protection of his automobile insurance policy, so long as these benefits are not duplicated. (See infra). In *State Farm Mutual Automobile Insurance Company v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978) our Supreme Court concluded that

> Where there exists a valid contract of insurance which contains uninsured motorist coverage, an insurance carrier is obligated to compensate the insured for damages inflicted upon the insured because of the conduct of the owner and/or operator of an uninsured motor vehicle except for three statutory exclusions. An insurance

carrier is not obligated to compensate an insured within the ambit of the uninsured motorist provision for:

1. Property damage.

2. Bodily injury damages when the insured or his representative has without written consent of the insurance carrier settled or prosecuted to judgment any action against any person or persons liable for such injuries.

3. Any damage, the payment of which would be for the direct or indirect benefit of a workmen's compensation carrier or any person who would qualify as a self-insurer under any workmen's compensation law.

Relying on *Williams* as precedent our court in *Brader v. Nationwide Mutual Insurance Company*, 270 Pa.Super. 258, 411 A.2d 516 (1979), invalidated an exclusionary clause in the insurer's uninsured motorist policy which allowed setoff of no-fault benefits received by the insured against benefits payable under the insured's uninsured motorist policy. Our court stated that an insured should be allowed to recover under the uninsured motorist provision of his insurance policy (up to the policy's limits) those actual damages suffered which exceeded the amount of no-fault insurance benefits received and owing. In *Tubner v. State Farm Mutual Automobile Insurance Company*, 496 Pa. 215, 436 A.2d 621 (1981), the court held that assigned insurers are obligated precisely as if they had issued basic loss insurance policies and are required to pay not only basic loss benefits but also uninsured motorist benefits for general (non-economic) damages not recoverable under no-fault basic loss protection. *Tubner* was later cited as the correct statement of Pennsylvania law in *Tucci v. State Farm Insurance Company*, 503 Pa. 447, 469 A.2d 1025 (1983), wherein the court held that uninsured motorist provisions do not provide double recovery of economic benefits but do allow compensation for actual special damages an insured has suffered.

From this line of cases we can gleen that in addition to basic loss benefits an insured may collect for general damages under the uninsured motorist provision of his

policy. Furthermore, appellant herein, if he is able to prove that the unidentifiable truck parked near the corner where his accident occurred was the legal cause of the accident, may recover damages under his uninsured motorist coverage as well as those he recovered under his no-fault insurance.

 It is well settled that arbitration proceedings are informal adversarial hearings in which the arbitrators are not bound by the technical rules of civil procedure. Where the parties submit their controversy to arbitration and make no provision for the mode of conducting the proceedings, the parties thereby dispense with the technical rules. P.L.E. Arbitration § 10 (1984); *Rosenbaum et al. v. Drucker et al.*, 346 Pa. 434, 31 A.2d 117 (1943). Moreover, Rule 2227 Pa.R.C.P. provides for compulsory joinder of parties in very limited situations.[3] It is applicable only where substantive law provides that an interest is joint and so connected with the claims of the litigants that no decree can be granted without impairing the rights of the litigants. *Kelly v. Carborundum Company*, 307 Pa.Super. 361, 453 A.2d 624 (1982); *Shaw v. Westinghouse Electric Corporation*, 276 Pa.Super. 220, 419 A.2d 175 (1980). Under Rule 2227 Pa.R.C.P. indispensible parties are *inter alia* joint tenants, tenants in common, and tenants by the entireties. *Moorehead v. Lopatin*, 300 Pa.Super. 81, 445 A.2d 1308 (1982) (in a suit for negligent maintenance of real estate owned by the parties as tenants in common, both tenants are indispensible parties); *Patwardhan v. Brabant*, 294 Pa.Super. 30, 439 A.2d 784 (1982) (in judgment creditor's action seeking to attack an escrow fund in the name of the judgment debtor and his wife, the wife is an indispensible party to the suit). Thus, due to the informality of an arbitration hearing and Rule 2227 Pa.R.C.P. the unidentifiable truck negligently parked near the intersection of appellant's accident and

3. **Rule 2227. Compulsory Joinder**
 (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.
 (b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.

336

which he avers caused him to collide with another car was not an indispensible party in appellant's first arbitration proceeding between appellant and the driver of the car with which he collided.

■ Therefore, we conclude that appellant is entitled to a second arbitration hearing, the parties to which are appellant and Prudential, to determine whether the unidentifiable parked truck was in fact the legal cause of his accident. Our decision is in keeping with the legislative mandate of liberal construction of the Uninsured Motorist Coverage Act and the decision of our court in *Webb, supra.*

Reversed and remanded. Jurisdiction relinquished.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting statement:

I dissent. I believe that the majority opinion opens the door to unlimited fraudulent claimants, who could contend *ad infinitum* that one unidentifiable vehicle after another caused injury until a responsive arbitration panel was found. Such cannot be the law—it violates common sense to say the very least.