## Larkin v. Clawges

*Steven R. Arkans,* for plaintiffs.
*Dennis J. O'Leary,* for defendants.

BIESTER, JR., *J.,* March 31, 1986—Before us is a motion for summary judgment filed by defendants Richard Clawges, Vivian Clawges, Charles Clawges and Margaret Clawges in the above-captioned ac-

tion. For the reasons set forth below, we grant defendants' motion.

In this action plaintiff-wife seeks to recover for personal injuries she sustained on defendants' property, where she and her husband reside as defendants' tenants. Plaintiff-wife fell on stairs leading to her second-floor apartment and she contends her injuries were caused by the negligent maintenance of the stairway.

Plaintiffs filed a complaint on December 18, 1984, precisely two years from the date of plaintiff-wife's fall. The complaint names as defendants Richard Clawges and John Doe, the latter being an unknown painter allegedly employed by Richard Clawges. On February 14, 1985 Richard Clawges filed an answer and new matter asserting that he jointly owns the property, and that the other owners, i.e., his wife Vivian, brother Charles and sister-in-law Margaret, are indispensable parties to the action whose joinder is required pursuant to Pa.R.C.P. 2227(a). That rule provides: "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

Thereupon, plaintiffs sought to amend their complaint to add the other owners as defendants. To effectuate this, plaintiffs secured the following stipulation from defendant:

"Stipulation to Amend Complaint"
"It is hereby stipulated and agreed by and between counsel for [sic] and counsel for defendant that plaintiffs be allowed to file an Amended Complaint adding Vivian B. Clawges, Charles E. Clawges and Margaret L. Clawges as defendants in the above-captioned action."

Defendants responded, in their answer and new matter to the amended complaint, that the statute of limitations bars plaintiffs' action because plaintiffs failed to join all indispensable parties as defendants within the two-year statutory period. Defendants then moved for summary judgment on this basis, and filed in support of their motion a certified copy of the deed to the property. The deed, recorded in 1966, indicates that Richard and Vivian Clawges own, inter se, a one-half interest in the subject property as tenants by the entireties, and Charles and Margaret Clawges own, inter se, the remaining half interest as tenants by the entireties.

The issue defendants raise was previously decided in Moorehead v. Lopatin, 300 Pa. Super. 81, 445 A.2d 1308 (1982). The complaint in that case alleged that plaintiff sustained personal injuries at premises owned by defendant Milton Lopatin, which injuries were caused by the latter's negligence. In his answer and new matter, defendant averred that he and his wife owned the real estate as tenants by the entireties and that a deed showing their joint ownership had been recorded three and one-half years before plaintiff filed suit. Plaintiff admitted these facts in his reply to new matter. Although plaintiff did not seek to join defendant's wife, the court held that any such attempted amendment would prove fruitless. The court held that Pa.R.C.P. 2227(a) required dismissal of the action, concluding that:

"Where . . . the plaintiff seeks to proceed against only one person upon a cause of action involving the alleged negligent maintenance of real estate owned by two parties as tenants by the entireties, and where no attempt has been made to amend the complaint to join the spouse within the period al-

lowed by the applicable statute of limitations, we find no difficulty in holding that summary judgment dismissing the complaint is dictated."

While the facts in the instant case are somewhat more convoluted, we nonetheless find that Moorehead directly controls our disposition of defendants' motion because of plaintiffs' failure to timely join Vivian Clawges, who jointly owns the property with Richard Clawges.

Plaintiffs in their brief apparently concede that the Moorehead rule bars any cause of action they might have directly against the owners, qua owners, for negligent maintenance of the property. However, plaintiffs seek to evade the rule by asserting that their complaint contains a second cause of action alleging vicarious liability of the owners under the doctrine of respondeat superior. We believe the rule remains applicable since the subject matter of the action under either theory of recovery is the property. As such, under Rule 2227(a) all persons having a joint interest in the property must have been joined.

Plaintiffs also assert that, by stipulating as to the filing of an amended complaint, defendants waived their right to assert the statute of limitations as a bar to plaintiffs' action. We disagree because the filing of an amended complaint was a necessary prerequisite to presenting the issue to the court. It would have been premature for defendants to assert the statute of limitations prior to any attempt by plaintiffs to add the other parties. See Capodici v. Catalini, 50 D.&C.2d 714 (1970). (Summary judgment granted following amendment to complaint joining tenant by the entireties where the bar of statute of limitations was raised as new matter.)

Wherefore, we enter the following

## ORDER

And now, this March 31, 1986, it is hereby ordered, directed and decreed that defendants' motion for summary judgment is hereby granted as to defendants Richard Clawges, Vivian Clawges, Charles Clawges and Margaret Clawges only.