625 A.2d 66

Jackson MILLER, Appellee,

v.

BENJAMIN COAL COMPANY, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 14, 1992.

Filed May 18, 1993.

Stuart J. Horner, Jr., Greensburg, for appellant.

F. Cortez Bell, Jr., Clearfield, for appellee.

Before WIEAND, CIRILLO and CERCONE, JJ.

WIEAND, Judge:

This is an action which was commenced by Jackson Miller, plaintiff, against Benjamin Coal Company, defendant, to recover damages caused to a truck when defendant's loader backed into it. The case was initially referred to compulsory arbitration, which resulted in an award for plaintiff in the amount of $8,798.50. The defendant appealed, and a trial de

novo was held before the Honorable John K. Reilly, Jr. The jury which heard the case found that plaintiff's damages were in the amount of $8,798.50, but that plaintiff had been guilty of causal negligence to the extent of thirty (30%) percent. The amount of damages was therefore reduced, and a verdict was entered accordingly. Post-trial motions were denied, and judgment was entered on the verdict. The defendant appealed. It contends that it is entitled to judgment n.o.v.

In the complaint, Miller alleged that he was the owner of the damaged truck. This averment was denied by the defendant, who, in its answer, demanded proof. At trial, after an appeal from arbitration had been filed, Miller was asked who owned the truck at the time of the accident and responded, "I owned it. My wife and I own it." After plaintiff had rested, defendant moved for a directed verdict on grounds that Miller's wife was an indispensable party who had not been joined. The trial court denied the motion for directed verdict, and the complaint was not amended. The issue was preserved in defendant's post-trial motions.

Pa.R.C.P. 2227(a) provides as follows:

Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

Pa.R.C.P. 1032 provides that a party waives defenses and objections which he does not present either by preliminary objection, answer or reply, but specifically excepts the defense of failure to join an indispensable party. Was Miller's wife an indispensable party?

In *DeCoatsworth v. Jones*, 414 Pa.Super. 589, 607 A.2d 1094 (1992), *allocatur granted,* —— Pa. ——, 619 A.2d 700 (1993), the Superior Court held that both tenants by the entireties were indispensable parties to a claim for fraud in a transaction which allegedly deprived an estranged husband of his interest in real estate owned by husband and wife as tenants by the entireties. Also, in *Brandt v. Hershey*, 198 Pa.Super. 539, 182 A.2d 219 (1962), the Court held that both spouses were indispensable parties and had to join as plaintiffs in an action to preserve or recover entireties property. See also: *Mitchell*

v. *Prudential Property & Casualty Ins. Co.*, 346 Pa.Super. 327, 499 A.2d 632 (1985), where the Court, in dictum, suggested that indispensable parties "are inter alia joint tenants, tenants in common and tenants by the entireties." *Id.* at 335, 499 A.2d at 636; *Moorehead v. Lopatin,* 300 Pa.Super. 81, 445 A.2d 1308 (1982) (in action for personal injuries caused by negligent maintenance of entireties property, both spouses must be joined as defendants).

 Our research, however, has disclosed neither Superior Court nor Supreme Court decision which holds that an action for money damages to entireties property cannot be maintained by one of the spouses acting as agent for both tenants by the entireties. Indeed, the Supreme Court announced in *J.R. Christ Construction Co. v. Olevsky,* 426 Pa. 343, 232 A.2d 196 (1967), the rule to be as follows:

> "There is, ... with respect to entireties property, a well established presumption that during the term of a marriage either spouse has the power to act for both, without specific authorization, so long as the benefits of such action inure to both: *Schweitzer v. Evans, supra* [360 Pa. 552, 63 A.2d 39 (1949) ]; *Madden et al. v. Gosztonyi Savings and Trust Company,* 331 Pa. 476 (1938), 200 A.2d 624. This presumption may be rebutted by evidence that the spouse acting was not in fact authorized by the other spouse...."

*Id.* 426 Pa. at 348–349, 232 A.2d at 199, quoting *Kennedy v. Erkman,* 389 Pa. 651, 658, 133 A.2d 550, 553 (1957). Thus, either spouse has authority to contract for improvements to entireties property so long as the contract inures to the benefit of both spouses. *J.R. Christ Construction Co. v. Olevsky, supra.* So, too, authority of one spouse to give notice of termination of a lease of property held by the entireties is presumed so long as it benefits both spouses. *Kennedy v. Erkman, supra.* See also: *Bradney v. Sakelson,* 325 Pa.Super. 519, 473 A.2d 189 (1984); *Sgro v. Sgro,* 259 Pa.Super. 425, 393 A.2d 900 (1978). Why, then, shouldn't a spouse with appropriate authority be allowed to maintain an action for damage to entireties property, where such recovery will benefit both spouses?

A party was said to be indispensable, in *Hartley v. Langkamp & Elder*, 243 Pa. 550, 90 A. 402 (1914), "when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience.... Thus where the object of a bill is to divest a title to property, the presence of those holding or claiming such title is indispensable." *Id.* at 555–556, 90 A. at 403–404.

■ It must be conceded, surely, that in actions intended to affect the title to property which is either held or claimed by tenants by the entireties, both spouses are indispensable parties and must be joined. Where a marriage continues to exist, however, we perceive no reason for holding that one spouse cannot act as agent for the entireties estate in bringing an action to recover damages for injury to the entireties property so long as the action benefits both spouses and there is no evidence rebutting the presumption of authority to act. A final judgment for damages in such an action does not affect the title to or possession of entireties property. Neither does it leave the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience.

We conclude, therefore, that in this case, Miller's wife was not an indispensable party; the action could be maintained by one of the spouses to recover damages on behalf of both for injury to their entireties property. Any defect in the form of the complaint was waived when the defendant failed to raise it pre-trial. To set aside the judgment at this late date, in the absence of evidence that Miller lacked authority to maintain an action on behalf of both spouses, would be an unconscionable exaltation of form over substance.

The trial court determined that Miller had presumptive authority to act on behalf of both spouses to maintain an action for damages to a truck owned by husband and wife.

Therefore, it denied the defendant's motion for judgment n.o.v. We affirm.

Judgment affirmed.

CERCONE, J., files a dissenting opinion.

CERCONE, Judge, dissenting:

I must respectfully dissent to the holding of the majority. Its members seek to upset the long-standing procedure of the courts of this Commonwealth in order to achieve a result that is not countenanced by the law.

The facts of this case are not in dispute. Appellee/plaintiff, Jackson Miller, filed a complaint against the appellant, Benjamin Coal Company, for damages to appellee's truck. The truck was damaged while appellee was working on appellant's property. Although in the complaint appellee alleged that he was the owner of the truck, he testified at trial that he owned the truck jointly with his wife, Marjorie. Appellant moved for a directed verdict on the grounds that appellee's wife should have been joined as an indispensable party plaintiff in accordance with the Pennsylvania Rules of Civil Procedure. The trial judge denied the motion. Appellant premises its appeal on the lack of joinder.

The Pennsylvania Rules of Civil Procedure state the following as to compulsory joinder:

> Persons having only a joint interest in the subject matter of an action *must* be joined on the same side as plaintiffs or defendants.

Pa.R.Civ.P. Rule 2227(a), 42 Pa.C.S.A (emphasis added). On its face, rule 2227(a) is not discretionary. It *requires* joinder of persons having only a joint interest in the subject matter of an action. *See* Pa.R.Civ.P. Rule 103, 42 Pa.C.S.A. (words and phrases shall be construed according to their common and approved usage). Furthermore, failure to join an indispensable party deprives a court of subject matter jurisdiction and may be raised at any stage of the proceedings. *DeCoatsworth v. Jones,* 414 Pa.Super. 589, 603–04, 607 A.2d 1094, 1101 (1992)

(Cirillo, J., plurality), *allocatur granted,* —— Pa. ——, 619 A.2d 700 (1993).

Many cases in this jurisdiction have discussed the parameters of a "joint interest" under Rule 2227(a). A consistent theme running through these cases is that a husband and wife who hold chattel by the entireties are within the contemplation of Rule 2227(a) and must be joined together in *any* action where the personal property is the subject matter of the litigation. *See* Standard Pennsylvania Practice 2d § 14:117 (1981); Goodrich–Amram 2d § 2227(a):1 (1992). As we explained, in dicta, in *Mitchell v. Prudential Prop. & Cas. Ins.,* 346 Pa.Super. 327, 499 A.2d 632 (1985), compulsory joinder under Rule 2227(a) is required where the owners of the subject property are tenants by the entireties. *Id.* at 335, 499 A.2d at 636. *See also Moorehead v. Lopatin,* 300 Pa.Super. 81, 85, 445 A.2d 1308 (1982) (joinder of husband and wife who owned the subject property as tenants by the entireties must be joined in an action against them for injury which occurred on the property).

In *Brandt v. Hershey,* 198 Pa.Super. 539, 182 A.2d 219 (1962), a wife sought recovery from her estranged husband and others who took crops from land she owned with her husband as tenants by the entireties. We affirmed the order of the trial court which granted preliminary objections in the nature of a demurrer against wife, holding that she had no cause of action where the interest she held was an undivided interest in personal property. In dicta, we stated that even if wife filed suit to *preserve* entireties property, she could not institute suit without the joinder of her husband. Such actions would violate Rule 2227. *Id.* at 541, 189 A.2d at 221 (emphasis added). Thus, it is well-settled that joinder of tenants by the entireties is necessary in a suit to preserve or defend such property.

This Court reached a similar result in an action brought by two joint tenants. In *Maloney v. Rodgers,* 184 Pa.Super. 342, 135 A.2d 88 (1957), Mary Maloney was injured in a car she owned jointly with Clara Maloney. Mary and Clara filed a complaint against the defendant seeking to recover for dam-

ages to the automobile. Mary maintained a separate claim against the defendant, in her own name, seeking damages for personal injuries she sustained. At trial, both claims were submitted to the jury, but the trial judge instructed that if the jury should find Mary Maloney negligent, then Clara Maloney could not recover. The jury found both Mary Maloney and the defendant negligent. Thus, under the doctrine of contributory negligence in effect at the time the case was instituted, both were barred from recovering from the defendant. Both Mary and Clara Maloney sought a new trial on grounds that the trial court erred in instructing the jury that the negligence of Mary Maloney would bar the claim of Clara Maloney. The trial court denied the motion and the Maloneys appealed to this Court.

We reversed finding that if Mary and Clara Maloney owned the automobile jointly, then a new trial would be appropriate. We held that since Rule 2227 requires the joinder of joint tenants, the sole negligence of Mary could not be imputed to Clara in her capacity as a joint tenant. *Id.* at 350, 135 A.2d at 92 (citing Rule 2227).

In the case sub judice, requiring husband and wife to be joined in the action under Rule 2227 is equally compelling. A tenancy by the entireties differs from a joint tenancy only by the unity of marriage. The tenancy is no less joint. *See DeCoatsworth v. Jones, supra* (the essential characteristic of a tenancy by the entireties is that each spouse is seized *per tout et non per my,* i.e. of the whole or entirety and not of a share, moiety or divisible part).

I must also consider the plurality opinion of our court in *DeCoatsworth, supra.* In that case, husband, Louis Jones, in order to prevent a sheriff's sale of the home he owned with his estranged wife, Odessa, as tenants by the entireties, entered into an agreement with appellant, DeCoatsworth, for DeCoatsworth to satisfy the judgment lien of $1,700.00 on the home and to take possession of the home. As part of the deal, Jones was required to make payments to DeCoatsworth to lease or purchase the house from him. After the purchase, Jones received a statement from DeCoatsworth outlining various

payment options and detailing that Jones owed DeCoatsworth $15,000, an amount substantially greater than the lien which DeCoatsworth satisfied. Jones refused to pay and DeCoatsworth sought Jones' eviction. Jones counterclaimed, alleging fraud and seeking damages of $20,000. The jury awarded Jones $35,000 and denied DeCoatsworth's eviction claim. De-Coatsworth appealed the jury verdict to this Court, which we affirmed.

Later, DeCoatsworth filed a *pro se* petition asking that the judgment be stricken for lack of subject matter jurisdiction. He based the petition on Rule 2227 claiming that Odessa Jones, as a tenant by the entireties, was an indispensable party without whose joinder the trial court lacked jurisdiction. The trial court denied the petition. The plurality panel of this Court reversed.

Although the plurality in *DeCoatsworth* conceded, as does the majority in this case, that either spouse may presumptively act for both in matters involving entireties property, the plurality held that, "*the interest of neither may be affected without notice to both and both are necessary to litigation respecting the assets held by the entireties.*" *DeCoatsworth*, 414 Pa.Super. at 601, 607 A.2d at 1099–1100 (emphasis in original). Thus, the *DeCoatsworth* plurality held that under Rule 2227, the action was barred for failure to join Odessa Jones as an indispensable party. Citing a decision of our sister court, our court held:

> We are distressed by the posture in which this case reaches our Court. We do not understand how this litigation has proceeded to this point without joinder. . . . The procedural setting in which this case reaches us does not control our disposition on appeal. "The absence of indispensable parties goes absolutely to the jurisdiction, and without their presence the court can grant no relief." Without the joinder of . . . as a party, the court of common pleas was without jurisdiction to enter the decree and therefore must be reversed.

*Id.* at 605, 607 A.2d at 1102 (quoting *Posel v. Redevelopment Authority of City of Philadelphia*, 72 Pa.Cmwlth. 115, 456

A.2d 243 (1983)). Following the persuasive reasoning found in *DeCoatsworth*, it is clear that appellee Miller's wife should have been joined in the case *sub judice.* She owned the subject truck jointly with her husband. Both husband's and wife's presence before the court were necessary to afford relief in the action. Moreover, contrary to the contention of the majority, this is not a case which sought to affect title to property; but rather involved a suit for money damages for fraud arising out of the business transaction between Jones and DeCoatsworth.

With the exception of the plurality opinion in *DeCoatsworth*, our appellate courts have not expressly held that tenants by the entireties must be joined in an action respecting entireties property. Nonetheless, our learned trial courts have applied this established principle in circumstances strikingly similar to those in the present matter. In *Molitoris v. Sullivan Trail Coal Co.*, 24 D. & C.2d 438 (1961), the Court of Common Pleas of Luzerne County held that because both husband and wife, as plaintiffs, were indispensable parties to to an action for damage to their jointly owned automobile, they could not be severed from the action so that the defendant could join the wife, who drove the automobile, as an additional defendant. *Id.* at 440. In that case, the court specifically referred to tenants by the entireties as examples of persons having only a joint interest under Rule 2227. *Id. Accord Kranchalk v. Simon*, 80 Pa.D. & C. 289 (1952) (when husband and wife seek recovery for to their jointly owned automobile, there is only one legal estate—the entireties estate—in the automobile); *Berk v. Paul J. Schneider Co.*, 13 Bucks Co.L.Rep. 611 (1964).

In *Crowe v. Peoples Bank & Trust Co.*, 77 Pa.D. & C. 563 (1951), the Court of Common Pleas of Allegheny County discussed the committee notes to Rule 2227. The notes stated that under subsection (b) of the Rule, joinder of an unwilling person is proper "when ... the willing plaintiff and the unwilling person are joint tenants or *tenants by the entireties* and the action is brought to preserve or recover the jointly owned property or for damages or injury to such property." *Id.* at 566 (emphasis added). As a corollary to this note,

tenants by the entireties are indispensable parties under subsection (a) and the joinder of both spouses is necessary. *See also Miller v. Bob Behm Chevrolet*, 2 Pa.D. & C. 4th 293, 297 (1989) (plaintiff husband was directed to join his spouse in a suit under the Automobile Lemon Law in accordance with Rule 2227(a)).

The majority attempts to justify its holding on grounds that a spouse may act for the other in matters concerning entireties property so long as the benefits inure to both.[1] This judicial rule of law, however, must yield to the mandatory terms of Rule 2227.[2] This result is borne out by Rule 2227 and the wide range of cases which have implicitly executed its terms. In so holding, the majority result not only contradicts established precedent, but will wreak havoc in the trial courts throughout the Commonwealth which have steadfastly required joinder of tenants by the entireties. Also, today's decision will subject defendants to multiple lawsuits brought by spouses who were not joined in an action involving entireties property and who wish to vindicate their rights. This will cause further congestion of our already clogged courts.

Although I am mindful that under my analysis, appellee would likely lose his judgment, I cannot be influenced by this reason alone. As our distinguished colleague Judge Wieand has stated:

> If the judiciary becomes so result oriented that it begins to shortcut established principles of law in order to achieve desired results, we will all be the poorer for it. In that event, the rule of law of which we are so proud will be brought into disrepute, and a government under law will be replaced by a government of men and women.

---

**1.** I find it interesting that the majority places the burden on the party seeking joinder to present proof rebutting the presumption of authority to act. This hurdle is unnecessary in light of the plain language of Rule 2227 which specifically provides for joinder of unwilling plaintiffs, including those spouses who have not authorized the other to act on their behalf. *See* Pa.R.Civ.P. Rule 2227(b), 42 Pa.C.S.A.

**2.** *See Pocono Pines Corp. v. Pa. Game Com'n*, 464 Pa. 17, 345 A.2d 709 (1975) (Roberts, J. dissenting) (there is no standard of indispensability apart from Rule 2227(a)).

*Commonwealth v. Howard,* 375 Pa.Super. 43, 65–66, 543 A.2d 1169, 1180 (1988) (Wieand, J. dissenting). Accordingly, I would vacate the judgment of the trial court and remand for dismissal of the action.