**Nancy L. GAYNOR, a/k/a Ann Gaynor, Appellant**

v.

**Richard S. GYURIS, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1997.
Filed Feb. 24, 1998.

Eric Busch, Spring City, for appellant.

Ronald C. Yen, West Chester, for appellee.

Before CAVANAUGH, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from an order entering judgment in favor of Appellee, Richard S. Gyuris and effectively dismissing Appellant, Nancy L. Gaynor, a/k/a Ann Gaynor's complaint.[1] We reverse.

On September 12, 1992, Appellant slipped and fell on an uneven sidewalk located in front of Appellee's home. Appellant filed a writ of summons against Appellee on August 22, 1994, and, on October 10, 1994, Appellant filed a complaint. On October 4, 1996, Appellee filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment arguing the action should be dismissed because Appellant failed to join an indispensable party to the suit, Appellee's wife, Kathleen M. Gyuris. The court, based upon its finding that the premises on which the fall occurred was owned by Appellee and his wife as tenants by the entireties, and the fact that Appellant failed to join Appellee's wife as a party within the applicable two year statute of limitations, ruled that Appellee's wife was an indispensable party to the suit and, therefore, granted Appellee's motion.

Appellant argues the trial court erred in granting Appellee's Motion for Summary Judgment where issues of material fact existed concerning Appellee's duty of care. As we have already noted, the trial court acknowledged that rather than enter summary judgment in favor of Appellee, it should have dismissed the action. Thus, while the court entered judgment, the basis for its determination was, as evidenced by its Opinion, not grounded in whether an issue of material fact existed, but rather whether Appellant had failed to timely join an indispensable party. Accordingly, this claim fails.

Appellant's second claim is that the trial court erred in determining that a necessary and indispensable party was not named in the Complaint. In reaching its decision, the trial court relied on *Moorehead v. Lopatin*, 300 Pa.Super. 81, 445 A.2d 1308 (1982), wherein this court affirmed a trial court's dismissal of an action where the plaintiff, who slipped and fell on defendant's property, failed to join the defendant's wife as a necessary party. The court in *Moorehead* cited to Pa.R.Civ.P. 2227(a) which provides that, "[p]ersons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants" and held, "[s]ince we believe that, in an action for personal injuries occasioned by the alleged negligent maintenance of real estate by the owner, the joinder of tenants by the entireties who share ownership in the subject property is compulsory, we affirm." *Id.* 445 A.2d at 1309.

Relying on *Moorehead* and noting that under Pa.R.Civ.P. 1032(b), that the failure to join an indispensable party may result in dismissal of the action, the trial court concluded that because the statute of limitations had expired it lacked jurisdiction to order Appellee's wife's joinder and, therefore, dismissed Appellant's complaint.[2]

---

1. The trial court properly noted that rather than entering judgment, it should have, pursuant to Pa.R.Civ.P. 1032(b), dismissed Appellant's action.

2. Rule 1032(b), Pa.R.Civ.P. reads as follows:

(b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall order that the action be transferred to a Court of the Commonwealth which has jurisdic-

*Moorehead* stands for the rule that where liability is sought against a person solely because of ownership of property, the entireties owners must be named. Unlike in *Moorehead,* however, Appellant never alleged Appellee was the owner of the property. Instead, Appellant alleged that Appellee *resided* in the property and Appellee admitted the allegation. Therefore, Appellee's duty of care arose from his occupation of the property and, as such, Appellee's wife was not an indispensable party to the lawsuit.

To illustrate this point, we offer the following example. Husband, without his wife's knowledge, digs a hole at the foot of the couple's driveway and without repairing or covering the hole, abandons the project for the evening. Later that night, a pedestrian trips and falls in the hole. Pedestrian sues husband as the resident of the property, but her complaint is ultimately dismissed for failure to join husband's wife in a timely manner. Because the plaintiff chose not to seek recovery from the "owners" of the property, however, the alleged tortfeasor's wife would not be an indispensable party to the suit. Furthermore, any judgment rendered against the husband would not affect the title to the entireties' property.

Accordingly, because Appellee was sued in his capacity as an occupant rather than as owner, Appellee's wife was not an indispensable party to the action and, therefore, Appellant's complaint was improperly dismissed.

Order reversed. Jurisdiction relinquished.

CAVANAUGH, J., files a dissenting opinion.

CANANAUGH, Judge, dissenting:

I respectfully dissent. The duty, if any, of appellee Gyuris grows out of his status as a co–owner of the property with his wife, and not as a mere occupant. If Gyuris (the resident) was to move to join Gyuris (the owner) as an indispensable party who was responsible for the maintenance, the case would re–

tion or that the indispensable party be joined, but if that is not possible, then it shall dismiss the

present itself in the same posture as presented to Judge Sugerman on February 18, 1997 when he properly dismissed the complaint. I would affirm.