**Stauffer/Kelsch v. Gatz**

*Paul A. Prince* for the plaintiffs.

*Thomas M. Gatz, Christine L. Gatz, David Gatz,* and *Jean M. Gatz* pro se.

LASH, *J.,* April 6, 2010—Before this court are cross motions for summary judgment. Both sides claim title to real estate, approximately 2.52 acres in size, situate in Union Township, Berks County, Pennsylvania, identified by tax parcel identification number 88-5343-00-43-2552 (parcel 2552). Plaintiffs, Daniel Anthony Stauffer and Paul T. Kelsch (Stauffer/Kelsch), contend that they are the rightful owners, having obtained title through a quiet title action to confirm ownership of real estate purchased at a sheriff sale. Stauffer/Kelsch obtained a final judgment in that action on February 21, 2006. Defendants, Thomas M. Gatz, Christine L. Gatz, David

Gatz and Jean M. Gatz, argue that they are the rightful owners through adverse possession. Gatzes, likewise, filed a quiet title action and obtained an order by default, entered on March 7, 2006. In the alternative, both sides argue that if they are by law not the rightful owners, their claim is nevertheless superior. Third, both sides contend that the other side's underlying quiet title action is fatally defective. Argument was held on March 15, 2010. For reasons set forth, this court denies both summary judgment motions.

For context and clarity's sake, we begin by relating the background of the underlying quiet title actions. The Stauffer/Kelsch's quiet title action arose from a sheriff sale occurring in September 2001. At that time, plaintiff, Daniel A. Stauffer was the successful bidder on real estate owned by the George Lorah estate and described by the sheriff, and subsequently by the Berks County Tax Claim Bureau, as a 2.53 assessed acre parcel with tax parcel identification number 88-5343-00-43-1337 (parcel 1337). A deed from the Berks County Tax Claim Bureau containing the description for parcel 1337 was conveyed to plaintiff Stauffer on September 18, 2002.

Prior to the deed being drafted, plaintiff Stauffer challenged the scope of the transfer, arguing that his purchase should have included both parcel 1337 and parcel 2552, contiguous properties. Plaintiff Stauffer urged that while parcel 2552 was not explicitly described in the George Lorah deed, there was sufficient circumstantial evidence from which an inference could be drawn that parcel

2552 should have been included in the Lorah deed. First, plaintiff Stauffer's purchase at sheriff sale included "all the property of the George Lorah estate in Union Township." Secondly, there is no separate recorded history or title chain for parcel 2552 appearing in the Berks County records. Third, a deed in the Lorah chain of title set forth in deed book 81, page 94, Berks County Recorder of Deeds Office, makes reference to a piece of property conveyed to a Lorah predecessor, which deed was not recorded. Further, the deed upon which the Tax Claim Bureau was relying is incomplete, without a closed boundary for parcel 1337; meanwhile, the deed set forth in deed book 81, page 94, described the property boundary in a way which would close and is consistent with inclusion of parcel 2552. Also, a drawing from the Pennsylvania Bureau of Engineering set forth parcel 1337 and parcel 2552 to be one property.

Plaintiff Stauffer attempted to have an amended deed description, containing parcel 2552, issued by the Tax Claim Bureau. The bureau refused and issued a deed on September 18, 2002, containing the same legal description as set forth by the sheriff at sheriff's sale.

On May 9, 2003, plaintiff Stauffer executed a quitclaim deed, as grantor, to himself and plaintiff, Paul T. Kelsch, as grantees. The property described in the main portion of the quitclaim deed is "that certain parcel of land in Union Township, Berks County, Pennsylvania, as set forth in deed dated September 18, 2002, from Susan M. Miller, Director of the Tax Claim Bureau of

Berks County, Pennsylvania . . .; which is more fully described in exhibit 'A' attached hereto and made a part hereof." [not published herein] However, the description attached as exhibit "A" differs from the description set forth in the Tax Claim Bureau deed executed on September 18, 2002, providing instead a description encompassing both parcel 1337 and parcel 2552, prepared by a surveyor at Stauffer/Kelsch's request.

On November 10, 2005, Stauffer/Kelsch filed their quiet title action. The relief sought was, among other things, the ownership and entitlement to the quiet and peaceful possession of property obtained at sheriff sale. In identifying the property, Stauffer/Kelsch cited the legal description provided by their surveyor, Andrew Kent, containing both parcel 1337 and parcel 2552. Stauffer/Kelsch named as defendants: "John Penn, Thomas Penn, and Richard Penn—and—estate of George K. Lorah, their heirs, successors in title, personal representatives or assigns and any unknown persons having or claiming an interest in a certain parcel of land in Union Township, Berks County, Pennsylvania, described in assignment dated April 18, 1878, Berks County MBV 22, page 644." Stauffer/ Kelsch did not name Gatzes, nor otherwise notify them of the existence of the quiet title action. On November 15, 2005, the common pleas court entered an order permitting Stauffer/Kelsch to provide service upon the defendants named in the suit by publication. There was no response or challenge to the complaint and, accordingly, on January 13, 2006 the court entered an order by default in favor of Stauffer/Kelsch

and against the named defendants. The order was reduced to judgment on February 21, 2006.

Gatzes' underlying quiet title action was filed by defendant, Thomas M. Gatz, on January 6, 2006, subsequent to the filing of the Stauffer/Kelsch quiet title action but prior to Stauffer/Kelsch obtaining their order by default or subsequent judgment. According to the complaint, David Gatz and Jean M. Gatz owned a parcel in close proximity to parcel 2552 for a period of 29 years, then conveyed their parcel to their son, Thomas M. Gatz, in 2005. During the course of Gatzes' ownership of their parcel, Thomas M. Gatz alleges that Gatzes have been in "exclusive, open, notorious, hostile and adverse possession" of parcel 2552, utilizing parcel 2552 for access to the parcel they own. Thomas M. Gatz named William Penn and Thomas Penn, their heirs, successors in title, personal representatives or assigns, and any unknown persons having or claiming an apparent interest in the premises, but did not name Stauffer/Kelsch, nor notify them of the existence of the Gatz quiet title action. On January 10, 2006, the Berks County court granted Thomas M. Gatz' motion for service by publication on the named defendants, which service was duly performed. On March 7, 2006, the Berks County court entered a final order, granting the relief sought. However, Thomas M. Gatz never reduced the order to judgment and, accordingly, on January 7, 2008, a termination notice was issued by the prothonotary of Berks County, in accordance with Pennsylvania Rule of Judicial Administration 1901. The case was terminated in accordance

with that rule on April 8, 2008. On July 8, 2009, Thomas M. Gatz filed a motion to reopen the quiet title action, which motion was denied.

Both of the underlying quiet title actions contain irregularities which compromise the strength of their position in the within action. The Stauffer/Kelsch quiet title action contemplates relief under Pa.R.C.P. 1061(d) relating to obtaining possession of land sold at a judicial or tax sale. The scope of the quiet title action is defined by the terms of the sale. According to the sheriff and Tax Claim Bureau, parcel 1337 was the land being offered for sale. No mention was made of parcel 2552. Assuming, for the sake of argument, that Stauffer/Kelsch was correct and that parcel 2552 should rightfully have been included in the sale of the Lorah estate, they were nevertheless without authority to change the legal description through a quitclaim deed, then later represent in the quiet title action that the substituted property description was the same property as described in the sheriff sale. A change in a legal description in a deed, as done here, can only be performed by the court after a hearing. Accordingly, Stauffer/Kelsch's claim to parcel 2552 would have to be raised under a separate legal theory, requiring additional averments. At the least, a separate count to the complaint should have been included, if not the filing of a separate quiet title action. The complaint that was filed was misleading and insufficient.

The Gatz quiet title action also has deficiencies. For one, Stauffer/Kelsch obtained a judgment on their quiet

title action prior to any relief being granted to Thomas M. Gatz. More importantly, Thomas M. Gatz never secured a judgment, only obtaining the default order of March 7, 2006. As no judgment was entered and no further action was taken, the quiet title action was ultimately terminated, the motion to reopen the case was denied, and no appeal was filed. Accordingly, Gatzes cannot rely on the default order obtained on March 7, 2006 as a basis for claiming title to parcel 2552.

However, the most serious flaw of the underlying actions concerns each side's failure to name or notify the other side. If the decision not to join a party constitutes a failure to join an indispensable party, then the relief ultimately obtained is null and void, for the court is without jurisdiction to grant relief. *Cry Inc. v. Mill Service Inc.,* 536 Pa. 462, 468, 640 A.2d 372, 375 (1994); *In re Estate of Moore,* 871 A.2d 196, 202-203 (Pa. Super. 2005). In *Moore*, the Superior Court outlines the law in determining whether a party is indispensable, stating:

"A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *City of Philadelphia v. Commonwealth of Pennsylvania,* 575 Pa. 542, 567, 838 A.2d 566, 581 (2003). Also, a party is said to be indispensable 'when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience.' *Miller v. Benjamin Coal Company,* 425 Pa. Super. 316, 625 A.2d 66, 67-68 (1993) . . . .

"The basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of him or her. *City of Philadelphia, supra* at 567, 838 A.2d at 581. We also consider the following:

"(1) Do absent parties have a right or interest related to the claim?

"(2) If so, what is the nature of the right or interest?

"(3) Isthat right or interest essential to the merits of the issue?

"(4) Can justice be afforded without violating the due process rights of absent parties?

"*Centolanza, [v. Lehigh Valley Dairies,* 540 Pa. 398, 403, 658 A.2d 336, 338-39 (1995)].

"Generally, it is true that 'the owner of real estate is an indispensable party to proceedings seeking to transfer title to the property to another and culminating in an order purportedly vesting title in another.' See Nicoletti v. Allegheny County Airport Authority, 841 A.2d 156, 163 (Pa. Commw. 2004); see also, Miller, supra at 68 (stating that where the object of a bill is to divest a title to property, the presence of those holding or claiming such title is indispensable)."

Looking first at the Gatz quiet title action, it is clear that Stauffer/Kelsch were indispensable parties and should have been joined. Stauffer/Kelsch's argument that the purchase of all the real estate owned by the George Lorah estate included parcel 2552 has arguable merit. Further, Stauffer/Kelsch's claims had already been as-

serted in their own quiet title action, and they had obtained a judgment prior to any relief being obtained by Thomas M. Gatz. The order entered by Berks County court on March 7, 2006 in favor of Thomas M. Gatz is, therefore, void for want of jurisdiction.Turning then to Gatzes' motion for summary judgment, we find that the motion must be denied. Gatzes cannot rely on the relief obtained under the Gatz quiet title action because the order of March 7, 2006 is void, and because the action was terminated without a judgment being entered. Whether they have a claim on the basis of adverse possession is a question of fact, which must be resolved at trial.[1] Stauffer/Kelsch allege that parcel 2552 is unenclosed woodland. If that is true, Gatzes would have to establish actual possession of the woodland by residence or cultivation of a part of the tract of land to which the woodland belongs. Moore v. Duran, 455 Pa. Super. 124, 137, 687 A.2d 822, 828 (1996). Even assuming the land is not unenclosed woodland, Gatzes would, nevertheless, have to establish that their possession was actual, continuous, exclusive, visible, notorious, distinct, hostile and for a period of at least 21 years. The record is insufficient to sustain Gatzes' burden. Accordingly, Gatzes' motion for summary judgment is denied.

We turn then to the issue of whether Stauffer/Kelsch should have joined Gatzes as indispensable parties in the

---

1. The voiding of the order for lack of jurisdiction and the termination for inactivity does not preclude Gatzes, under collateral estoppel or res judicata principles, from asserting a claim for adverse possession.

Stauffer quiet title action, which, for reasons set forth, turns on whether Gatzes have a viable adverse possession claim to parcel 2552. Again, this is a factual determination, one that cannot be resolved from this record. Stauffer/Kelsch's motion for summary judgment must also be denied. Examination must be made at trial to determine whether Gatzes' adverse possession claim is sufficient to qualify them as an indispensable party, and ultimately, whether the claim is superior to Stauffer/ Kelsch's claim.

For trial purposes then, the inquiry shall proceed as follows:

First, whether Gatzes should have been joined as indispensable parties in the Stauffer/Kelsch quiet title action. If the answer is "no", the judgment entered in favor of Stauffer/Kelsch on February 21, 2006 is valid. If the answer is "yes", the February 21, 2006 order shall be declared void. In either event, the matter will then proceed to determine whether Gatzes' claim for adverse possession is superior to Stauffer/Kelsch's claim. If the answer is "yes", judgment will be entered in favor of Gatzes. If the answer is "no", then Gatzes will be deemed to have no claim to parcel 2552. If Gatzes have no claim and if the Stauffer/Kelsch judgment remains valid, then Stauffer/Kelsch will be declared rightful owners of parcel 2552. If the judgment is void, the question that will remain is whether Stauffer/Kelsch will be able to establish a claim to parcel 2552 without benefit of reliance on the judgment.

We enter the following order:

## ORDER

And now, April 6, 2010, upon consideration of the motion of plaintiffs, Daniel Anthony Stauffer and Paul T. Kelsch, for summary judgment and the corresponding motion of defendants, Thomas M. Gatz, Christine L. Gatz, David Gatz and Jean M. Gatz, for summary judgment, responses thereto, briefs filed by the parties, review of the record, and after argument held, both motions are hereby denied.