Minner *v.* Pittsburgh et al., Appellants.

Argued September 30, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas E. Barton,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for defendant, appellant.

*Alan D. Riester,* with him *Brandt, Riester & Brandt,* for additional defendants, appellants.

*Abe R. Cohen,* with him *Benjamin B. Crone* and *Crone & Cohen,* for plaintiff, appellee.

OPINION BY MR. JUSTICE DREW, November 14, 1949:

This action in trespass was brought by Francis R. Minner, plaintiff, to recover damages for personal injuries sustained by him when on December 29, 1945, he stepped into a hole in a sidewalk in front of the property known as No. 812 Allegheny Avenue, on the North Side of the City of Pittsburgh.

The suit was instituted against the City, which in turn joined as additional defendants, John, George and Carl Henkel, alleged owners of the property, but only George and Carl Henkel were able to be served. George and Carl in turn brought in Commonwealth Trust Company and George R. Davies, alleging that they were mortgagees in possession. Because of the complexity of the issue involving additional defendants, counsel for the parties agreed that the jury first determine the liability and damages as between plaintiff and original defendant, City of Pittsburgh, and then in the event of a verdict against it, hear and determine the liability of the several additional defendants. The jury rendered a verdict of $30,855.85 for plaintiff against the City. After additional testimony, the court directed a verdict in the same amount against George and Carl Henkel; and directed a verdict in favor of Commonwealth Trust Company and George R. Davies. The City filed a motion for a new trial, and George and Carl Henkel filed motions for judgment n. o. v. and for a new trial, all of which motions were dismissed by the court en banc. Judgments having been entered on the verdicts, these appeals by the City, George Henkel and Carl Henkel followed.

None of appellants questions that the accident happened, that plaintiff was injured by the accident, and that the accident was caused by the defective condition of the sidewalk.

We will consider first the appeals of George and Carl Henkel. These appellants contend that the learned court below erred in not entering judgment in their favor, n. o. v., because, they argue, the record shows that they were not the owners in possession and control of the property at the time plaintiff was injured, and also because the evidence does not establish that they had notice of the defective condition of the sidewalk. They argue that a new trial should be granted primarily because the court below erred in permitting counsel for the City to call for cross-examination a witness who was not a party, and also in directing a verdict against them for the full amount of the verdict against the City.

The property in question was owned by Lawrence Henkel at the time of his death on July 5, 1945, and by his will, which was duly probated a few days after he died, he devised the property in the following manner: 1/6 to each of his nephews, George and Carl Henkel, and the remaining 2/3 to his nephew, John Henkel, who was not served and who did not appear or file an answer. It is contended that inasmuch as the evidence shows that the property, at the time of testator's death, was so encumbered by a mortgage debt and delinquent taxes that the devisees had no equity in it, the devise did not operate and that the City did not prove that these appellants actually accepted the gift of the property. No document of any kind was offered to show that they renounced this devise.

It is well settled, as this Court said, in *Roop v. Greenfield*, 352 Pa. 232, 237, 42 A. 2d 614: "There is no basis in human experience for inferring, from the mere act of giving or devising, that a designated recipient has accepted a gift or devise which is not only without *any*

pecuniary value but which would be a financial millstone around his neck." Therefore, under the circumstances here present, it was encumbent on the City to show that these appellants had in fact accepted the devise. To meet this burden, the City established the fact that appellants, together with their co-tenant in common, John Henkel, by general warranty deed, dated June 17, 1946, conveyed the property to Peter Zauner and Elizabeth, his wife. The execution and delivery of this deed, which was duly recorded in the Recorder's Office of Allegheny County, conclusively showed that appellants did not in fact renounce, but instead accepted the devise and exercised dominion over the property.

There is nothing in this record to even indicate that additional defendants, Commonwealth Trust Company and George R. Davies, were mortgagees in possession. All it shows is that an agent, appointed by John Henkel to collect the rents from the property, paid the money to the mortgagees. The mere acceptance of rents from an agent of the owners of the real estate does not constitute that exclusive control and possession which is essential to impose liability upon the mortgagees: *Guyton v. Pittsburgh, McCurdy,* 155 Pa. Superior Ct. 76, 81, 38 A. 2d 383.

The only occupant of the property was a tenant on the third floor, who was in no wise in possession of the entire building or responsible for the sidewalk. Thus, there was a situation of multiple tenancy, which left the sidewalk in possession of the owners: *Bruder v. Philadelphia,* 302 Pa. 378, 385, 153 A. 725.

There was no dispute as to the facts, and, therefore, whether or not the Henkels were the owners in possession and control of the property at the time plaintiff received his injuries became a question of law, which the court below properly decided in favor of the City

and directed a verdict in its favor against these appellants.

Nor do we find any merit in the contention of George and Carl Henkel relative to lack of proof of notice of the defective condition of the sidewalk. Since these appellants were in possession, they cannot escape liability for failure to make or cause to be made reasonable inspection and repairs, merely because they happen to live in a place other than the city in which the property is located. There is ample evidence to show constructive notice to the City, and, therefore, such evidence also was proof of notice to the owners. The court did not err in refusing to enter judgment n. o. v. in appellants' favor.

The Henkels contend that a new trial should be awarded because the court erred in permitting counsel for the City to call for cross-examination the executor of the estate of Lawrence Henkel, deceased, under whose will the property was devised to appellants. This witness was called solely for the purpose of showing that the Henkels did accept the devise since they had directed him to appoint an agent to collect the rents and pay them to the mortgagees. Permitting this witness to be so called was but harmless error. The testimony of this witness did not add to the case such evidence that its absence would in any way vitiate the results. By excluding it, the Henkels are not benefited, for the execution of the general warranty deed on June 17, 1946, conclusively established the fact that they were the owners in possession when the accident occurred.

Nor do we agree with the argument that it was error to direct a verdict against George and Carl Henkel for the full amount of the verdict which the jury returned against the City. Procedural Rule No. 2227 (a) states: "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Rule No. 1032 provides: "A

party waives all defenses and objections which he does not present either by preliminary objections, answer or reply, except (1) that . . . the defense of failure to join an indispensable party . . . may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and (2) that whenever it appears by suggestion of the parties or otherwise . . . that there has been a failure to join an indispensable party, the court shall dismiss the action."

The liability for the negligence complained of having grown out of ownership of real estate held by tenants in common, all three owners were required to be joined: 20 R. C. L. 678, §17. Accordingly, the City named John, George and Carl Henkel in its complaint to bring them in as additional defendants. However, John Henkel was not served, but that fact did not bar proceeding to trial and obtaining a verdict in the City's favor, for the full amount of the verdict which the jury returned for plaintiff, against George and Carl, both of whom were served.[1] We are satisfied that no error was committed in refusing the motion of these appellants for a new trial.

In the appeal of the City of Pittsburgh, it argues that a new trial should be granted because the court erred in refusing (1) to permit Dr. Page to testify that plaintiff in 1943 was not qualified for general industrial work requiring strength and physical fitness; (2) to admit the statement of plaintiff's symptoms, complaints and the results of his physical examination contained in the Allegheny General Hospital record of January 7, 1941; and (3) to admit into evidence the provisional

---

[1] Comment 3 to Procedural Rule No. 2227 (a) states: "A plaintiff must join all the obligors to a purely joint obligation if he brings an action upon it. He may, however, be unable to obtain service and these rules provide that under such circumstances he may proceed against those he can serve and then proceed against the others thereafter either in the same or other actions."

diagnosis of "cauda equina tumor suspect" made by Dr. Wright on January 7, 1941. We are certain that the court below did not err in rejecting this evidence. As to the first of these rulings, we agree with the following statement of the learned court below: "In February, 1943, the plaintiff obtained employment at the Pittsburgh Des Moines Steel Company plant. Dr. Page, examining physician for the company, rated the plaintiff as fitted for first aid and clerical work. Defendant's counsel asked Dr. Page if the plaintiff at the time was qualified 'for an industrial job around machinery.' This was entirely irrelevant to the issue. The plaintiff had not contested the doctor's classification regarding his ability to do first aid and clerical work. Whether in February, 1943, three years prior to the accident, the plaintiff could qualify for an 'industrial job around machinery' had no bearing on whether at the time of the accident in December, 1945, he was a well, able-bodied and healthy individual."

As to the other two rulings complained of, they were correct in view of the stipulation entered into, after an off the record discussion, at the trial by counsel for the parties represented. Under this stipulation, it was agreed that only the records specifically referred to would be read into evidence and that Dr. Mitchell would then be permitted to testify only to what he knew of his own knowledge. Then when Dr. Mitchell was called to testify, he admitted that he had no independent recollection of plaintiff, who was in the hospital but one day at that time. On the basis of the stipulation, freely entered into in open court by counsel, the portions of the hospital records here in question were properly rejected. Furthermore, counsel for the City took no exceptions to these rulings and, therefore, the matter of the rejection of this evidence is not properly reviewable by this Court: *Beal v. Atlantic States Motor Lines*, 348 Pa. 503, 504, 35 A. 2d 298.

The injuries suffered by plaintiff, who was about fifty-three years of age at the time of the accident, were severe and permanent. A careful study of this record nevertheless convinces us that the verdict of $30,855.85 is clearly excessive. Taking into consideration all elements of damages suffered by plaintiff in this accident, as well as his admitted previous serious injuries, we are of the opinion that an award in excess of $20,000 cannot be sustained.

Judgments against the City of Pittsburgh and in its favor against additional defendants, George and Carl Henkel, are reduced to $20,000, and, as modified, are affirmed.