## Capodici v. Catalini

*Stanley R. Kotzen,* for plaintiff.

*Ralph B. D'Iorio,* for defendants.

BLOOM, J., December 8, 1970.—This is an action in trespass to recover damages for personal injuries sustained by plaintiff in a fall, while descending a stairway from the second floor at premises 402 North Springfield Road, Clifton Heights, Delaware County,

Pa., where plaintiff resided at the time as a tenant. The fall occurred on June 24, 1965.

Plaintiff commenced suit on May 15, 1967, upon the issuance of a writ of summons in trespass naming Armando Catalini as sole defendant. Subsequently, on August 7, 1968, plaintiff served defendant, Armando Catalini, with a complaint which was answered by defendant. In the contents of defendant's answer, it was averred that the aforesaid premises was owned by Armando Catalini and Flora Catalini, his wife, as tenants by the entireties. Thereafter, on July 29, 1969, defendant, Armando Catalini, requested plaintiff to admit that the aforesaid premises was owned by tenants by the entireties. Plaintiff made absolutely no reply to the request for admission.

On November 17, 1969, defendant, Armando Catalini, filed a motion for summary judgment, asserting, inter alia, that plaintiff instituted suit against only one of the tenants by the entireties, Armando Catalini, and thus failed to comply with the provisions of Pa. R. C. P. 2227 which requires that suit be instituted against all parties having a joint interest in the subject matter of an action. The court, on June 10, 1970, dismissed defendant's motion, relying on the case of Beck v. Kilroy, 1 D. & C. 2d 777 (1954), as authority for the proposition that plaintiff be allowed to amend her complaint to bring in an indispensable party to a cause of action on record.

Thereafter, on June 23, 1970, plaintiff filed an amended complaint naming Armando and Flora Catalini as codefendants. By answer dated July 13, 1970, defendants raised for the first time as new matter the statute of limitations, which defendants argue is a bar to the joinder of an additional defendant five years after the cause of action arose. This court is of the opinion that the contention of defendants is correct.

A review of Beck v. Kilroy, supra, reveals that the court in that case would have dismissed plaintiff's joinder of an additional defendant because of the statute of limitations had defendant raised the statute in the proper procedural form. In Beck, the counsel for defendant raised the statute of limitations by preliminary objections in contravention of Pa. R. C. P. 1030 which requires that the statute of limitations be raised by a responsive pleading under the heading "New Matter." See also, Thomas v. McLean, 365 Pa. 526. Thus, Beck v. Kilroy, is inapplicable in the case at bar where the statute of limitations was raised by the defendants in their answer to plaintiff's amended complaint.

Furthermore, Pa. R. C. P. 2227 has been construed as requiring the dismissal of an action brought against only one party where *no timely effort* was made to join another necessary party as a defendant: Minner v. City of Pittsburgh, 363 Pa. 199 (1949); Martier v. Equitable Gas Company, 42 D. & C. 2d 572 (1967). See also Sampson v. Goodrich, no. 16469 of 1968, Delaware County where this court held that an attempt to join an additional defendant after the statute of limitations had run was refused.

In the present case, plaintiff was made aware of the fact that it was necessary to join an additional party as far back as 1968, when served with defendant's answer. He was again given notice on July 29, 1969, when defendant was served with a request for admission as to the ownership of the premises. By not answering defendant's request for admission, the fact of ownership was proven. Yet, not until sometime in 1970 did plaintiff make any attempt to join Mrs. Catalini as a defendant. We do not consider this a timely effort.

Therefore, we enter the following:

ORDER

And now, to wit, December 8, 1970, the motion of defendants, Armando Catalini and Flora Catalini, for summary judgment is hereby granted and judgment is entered in favor of defendants and against plaintiff.