**Robert ENRIGHT and Maxine Enright, Appellants,**

v.

**Jack KIRKENDALL, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.
Filed March 6, 2003.

Raymond W. Bulson, Portville, for appellants.

Harold B. Fink, Port Allegany, for appellee.

BEFORE: LALLY–GREEN, TODD and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Robert Enright and Maxine Enright appeal the order granting Appellee Jack Kirkendall's motion for summary judgment. We affirm.

¶ 2 In reviewing the grant of a summary judgment, this Court must apply the same standard as the trial court: It will examine the record in the light most favorable to

the non-moving party and resolve all doubt as to the presence of a genuine issue of material fact against the moving party. *Albright v. Abington Memorial Hospital,* 548 Pa. 268, 696 A.2d 1159 (1997). An appellate court may not disturb the order of the trial court, absent an error of law or a clear abuse of discretion. *Shomo v. Scribe,* 546 Pa. 542, 686 A.2d 1292 (1996); *Cardwell v. Chrysler Financial Corp.,* 804 A.2d 18 (Pa.Super.2002).

¶ 3 The record discloses that, on the 4th day of October, 1996, Appellants filed a complaint against an adjacent homeowner (Appellee) claiming that his filling, excavation and alteration of his land (by the placement of mobile homes thereon) negligently and carelessly caused surface water to run from his property onto Appellants' property, causing flooding and otherwise injuring Appellants' property.

¶ 4 Appellee's preliminary objections prompted Appellants to file an amended complaint, which was responded to by a second series of preliminary objections asserting Appellee's denial of ownership of the parcel adjacent to Appellants, *i.e.,* "the defendant Jack Kirkendall [wa]s an improper party defendant ... [and e]verything done on the land adjacent to the plaintiffs' residence ... was done by the owners of that land and not by Jack Kirkendall individually." [1]

¶ 5 Appellants replied, in relevant part, that "said objections were waived ... because the Defendant could have and should have raised those objections in the original Complaint." *See* Reproduced Record at 38a & 40a. The trial court disagreed noting that Pa.R.Civ.P. 1032 allowed an objec-

tion to the failure to join a necessary and indispensable party was preserved even if not raised in preliminary objections. *Id.* at 51a.

¶ 6 Appellants' second amended complaint, naming Appellee as the owner of the property adjoining Appellants, was met with a specific denial, *i.e.,* Jack Kirkendall and Donna Kirkendall, husband and wife, were the owners of the parcel in question. Nonetheless, the case proceeded to arbitration, wherein an award was entered in favor of Appellee.

¶ 7 An appeal was filed for a trial *de novo* on March 11, 1999, by Appellants. A series of pleadings followed, including a motion for summary judgment averring that Appellants initiated suit against the wrong party—Appellee. Stated otherwise, Appellants should have named Appellee and Donna Kirkendall, husband and wife (legal owners of the property alleged to cause damage to Appellants' adjoining property) as the defendants.[2] The trial court agreed and granted Appellee's motion for summary judgment. This appeal ensued.

■ ¶ 8 Appellants argue the trial court erred in granting Appellee's summary judgment. Our reading of Appellants' brief gives us insight as to the underpinning for the summary judgment challenge; to-wit:

> When a complaint sounds in tort, does the law require the naming of co-owners of realty (here, tenants by the entireties) as co-defendants, the absence of which allows the dismissal of the suit for failure to join a co-owner as an indispens-

---

**1.** Appellee's preliminary objections to the Amended Complaint were filed on 3/26/97.

**2.** There is no question that the statute of limitations has long since exhausted any opportunity for Appellants to amend their complaint

able party-defendant? [3]

We hold the law does so require.

¶ 9 In *Moorehead v. Lopatin,* 300 Pa.Super. 81, 445 A.2d 1308 (1982), this Court answered in the affirmative the question: Whether Pa.R.Civ.P. 2227(a) requires the granting of summary judgment in an action brought against a married person, where there existed no timely attempt to join the spouse in a suit in trespass alleging negligent maintenance of real estate held as tenants by the entireties? In doing so, we wrote in pertinent part:

In the instant appeal, the plaintiff was on notice that the property in question was held jointly by virtue of the deed recorded seventeen months before the accident, which deed remained of record at the time the complaint was filed. Though plaintiff could have sought leave to amend his complaint, such amendment would have been to no avail at any time after February 3, 1980, due to the applicable statute of limitations.

\* \* \*

■ Pa.R.C.P. 2227(a) requires dismissal of an action, brought against only one party where there exists no timely attempt to join another necessary party as a defendant. *Minner v. Pittsburgh, supra.*

Where, as here, the plaintiff seeks to proceed against only one person upon a cause of action involving the alleged negligent maintenance of real estate owned by two parties as tenants by the entireties, and where no attempt has been made to amend the complaint to join the spouse within the period allowed by the applicable statute of limitations, we find no difficulty in holding that summary judgment dismissing the complaint is dictated.

*Moorehead,* 445 A.2d at 1310–1311 (footnote omitted).

■ ¶ 10 We find that the reasons assigned by this Court in *Moorehead* for its conclusion (affirming the grant of summary judgment where parties as tenants by the entireties were not both named as defendants in a tort action) is equally applicable here. *Cf. Martier v. Equitable Gas Co.,* 42 Pa.D. & C.2d 572 (C.P.Allegheny, 1967)("A careful consideration of the case law arising out of rule 2227 leads to the conclusion that in the present situation both [husband] and [wife,] as tenants by the entireties, are required to be joined as party defendants.").

¶ 11 For example, Appellants alleged that Appellee was the "owner" (in contrast to merely "residing" on the property) in question. *See* Appellants' Complaint, Paragraph 3; Appellants' Amended Complaint, Paragraph 3. *Cf. Gaynor v. Gyuris,* 707 A.2d 534 (Pa.Super.1998)(Dismissal of complaint for plaintiff's failure to join co-owner/wife as co-defendant with co-owner/husband was improper because plaintiff alleged only husband "resided" in and did not "own" property where injury occurred; because the plaintiff chose not to seek recovery from "owner" of property, this did not render wife "indispensable" party to suit pursuant to Rule 2227(a)).

¶ 12 Lastly, a cursory search of the recorder of deeds' office would have disclosed that title was held by Appellee and Donna Kirkendall, his wife. *Cf. Medleycott v. Harris,* 64 Pa.D. & C.2d 780, 782–783 (C.P.Bucks, 1973) (*citing Minner v. Pittsburgh,* 363 Pa. 199, 69 A.2d 384 (1949) (search of recorder of deeds' office sufficient to determine title-holder of property)).

and join Donna Kirkendall as a property party to the suit.

**3.** We have paraphrased the issue for review.

¶ 13 Accordingly, because Appellee was sued in his capacity as "owner" rather than merely an "occupant" of the realty at issue, Appellee's wife was an indispensable party to the action, and, therefore, Appellants' complaint was properly dismissed for failing to name her in their suit.

¶ 14 Order affirmed.