J-A20021-23

2023 PA Super 175

| NICOLE SIMONE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOHAMMED ZAKIUL ALAM | : | No. 1536 MDA 2022 |

Appeal from the Order Entered October 7, 2022
In the Court of Common Pleas of Luzerne County
Civil Division at 2019-14323

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

OPINION BY MURRAY, J.:                    **FILED: SEPTEMBER 21, 2023**

Nicole Simone (Appellant) appeals from the order dismissing her negligence action against property owner Mohammed Zakiul Alam (Alam). The trial court dismissed the action based on Appellant's failure to join an indispensable party. We affirm.

As alleged in her complaint, Appellant slipped and fell at a rental property owned and maintained by Alam. Complaint, 12/2/19, ¶¶ 2, 7. Appellant asserted she

> was an invitee and resident of one of [Alam's] rental units at … 30 W. Noble St., Nanticoke, PA [(Premises or the property),] and was lawfully on the common area of the Premises.
>
> On Tuesday, January 16, 2018, [Appellant] fell on the Premises as a result of a defective and dangerous condition of the Premises created by [Alam], namely an accumulation of ice on the landing/sidewalk/walkway area beneath the stairs leading from the second floor, which was created as a result of broken, leaky,

---

* Former Justice specially assigned to the Superior Court.

and/or misrouted rain gutters and rain spouts that created a dangerous condition and hazard and caused a foreseeable risk of falling known to [Alam].

….

[Appellant] was injured when she slipped on the accumulation of ice on the landing/walkway/sidewalk as she walked down an outdoor staircase from the second floor.

*Id.* ¶¶ 5-6, 10 (paragraph numbering and emphasis omitted).  Appellant claimed Alam "owned, possessed, maintained, controlled and/or had the right to control the" Premises and its common areas.  *Id.* ¶ 3.

On December 2, 2019, Appellant filed her complaint asserting a negligence action against Alam.  Alam filed an answer and new matter on December 18, 2019.  Alam averred Appellant's comparative negligence was a substantial factor in causing her accident/injury.  Answer and New Matter, 12/18/19, ¶ 25.  Appellant filed a reply to new matter, and the case proceeded to discovery.

On October 7, 2020, Alam presented a motion to dismiss based on Appellant's failure to join the co-owner of the Premises, Mohammed Zafuil Alam (Mr. Alam).[1]  The trial court held a hearing on the motion, where Alam's counsel stated:

> [W]hat we have is a situation where [Appellant] filed suit stemming … from a loss which she alleged occurred on January 16th of 2018; and that was a slip and fall at premises where she had been a tenant for about a year and a half with a lease.

_____

[1] Mr. Alam is the brother of Alam.

- 2 -

> Discovery ensued and … in the context of discovery, [Appellant] served interrogatories on my client, … [Alam]; and, in the first four Answers to Interrogatories, he discloses within the two-year anniversary of the date of loss that he was the joint owner of the premises with his brother.
>
> Subsequently, there was a deposition that took place sometime afterwards, and Counsel for [Appellant] asked at the … outset … of the deposition, very detailed questions about who else owned the property and even commented on the different spellings of the names.
>
> The deed, itself, which is attended [*sic*] to the motion [to dismiss], reflects that they are joint owners of the property.

N.T., 10/7/20, at 3-4. The parties agreed that Alam and Mr. Alam owned the property as tenants in common. **Id.** at 7.

That same day, the trial court entered an order dismissing Appellant's action for failure to join an indispensable party. Trial Court Order, 10/7/20. Appellant filed a motion for reconsideration, which the trial court denied on October 25, 2020. Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue:

> Whether the trial court erred in dismissing [Appellant's] Complaint for failure to join an indispensable party in a premises liability case where the absent owner was merely a tenant in common who exercised no possession or control over the subject multi-tenant rental property and whose only interest in the property was his contribution to financing it?

Appellant's Brief at 4.

Failing to join an indispensable party to a lawsuit implicates the trial court's subject matter jurisdiction. **Strasburg Scooters, LLC v. Strasburg**

***Rail Road, Inc.***, 210 A.3d 1064, 1069 (Pa. Super. 2019). The question of whether a trial court possesses subject matter jurisdiction is one of law; our standard of review is *de novo*. ***Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 252 A.3d 628, 634 (Pa. 2021).

> Appellant argues,
>
> [Alam and Mr. Alam] are[,] and always were, merely tenants in common. They do not have any joint interest in the property and since there is no claim of any negligence on the part of the absent owner, his interest in the property would not be affected by a judgment against the named owner who retained possession and control of the subject rental property as its landlord.

Appellant's Brief at 11. Appellant claims there is "no Pennsylvania case law specifically holding that tenants in common are indispensable parties without exception …." ***Id.*** at 12. Appellant directs our attention to Washington State caselaw holding that a premises liability action may proceed against the possessor of the premises, notwithstanding the absence of the true owner.[2] ***Id.*** (citing ***Gildon v. Simon Prop. Group, Inc.***, 145 P.3d 1196 (Wash. 2006)). According to Appellant, in Washington State, "the test in a premises liability action is whether one is the 'possessor' of property[,] not whether someone is a 'true owner.'" ***Id.*** (citing ***Gildon***, 145 P.3d at 1203).

---

[2] Appellant also cites this Court's unpublished memorandum in ***Healey v. Capone***, 442 A.2d 341 (Pa. Super. 1982) (unpublished memorandum). Appellant's Brief at 10. Appellant cites ***Healey*** as holding that the compulsory joinder rule, Pa.R.C.P. 2227(b), applies only "when the right or liability is solely joint." ***Id.*** Notably, a party may cite unpublished memoranda filed **after** May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

Pennsylvania Rule of Civil Procedure 2227 provides, "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Pa.R.C.P. 2227(a). "A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 29 (Pa. Super. 2015) (citation omitted). "Significantly, the Rule is not predicated upon some administrative benefit to be gained by joinder but upon the unity and identity of the interests of the co-owners who are to be joined." *State Farm Mut. Auto. Ins. Co. v. Ware's Van Storage*, 953 A.2d 568, 573 (Pa. Super. 2008) (quotation omitted).

Contrary to Appellant's assertion, there is Pennsylvania caselaw requiring joinder of tenants in common, when liability arises out of ownership of real property. In *Minner v. Pittsburgh*, 69 A.2d 384 (Pa. 1949), the plaintiff sought to recover damages for personal injuries sustained when he stepped in a hole on the sidewalk. *Id.* at 384. The plaintiff filed suit against the City of Pittsburgh, which in turn joined the three owners of the property, George Henkel (George), Carl Henkel (Carl), and John Henkel (John), as additional defendants. *Id.* Plaintiff was unable to serve John with the complaint. *Id.* Notwithstanding, George and Carl "in turn brought in Commonwealth Trust Company and George R. Davies, alleging that they were mortgagees in possession." *Id.* Our Supreme Court explained:

Because of the complexity of the issue involving additional defendants, counsel for the parties agreed that the jury first determine the liability and damages as between plaintiff and original defendant, City of Pittsburgh, and then in the event of a verdict against it, hear and determine the liability of the several additional defendants. The jury rendered a verdict of $30,855.85 for plaintiff against the City. After additional testimony, the court directed a verdict in the same amount against George and Carl Henkel; and directed a verdict in favor of Commonwealth Trust Company and George R. Davies….

*Id.* at 385-86.

The Supreme Court then addressed the compulsory joinder issue:

Procedural Rule No. 2227 (a) states: "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Rule No. 1032 provides: ["]A party waives all defenses and objections which he does not present either by preliminary objections, answer or reply, except (1) that… the defense of failure to join an indispensable party… may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and (2) that whenever it appears by suggestion of the parties or otherwise … that there has been a failure to join an indispensable party, the court shall dismiss the action."

**The liability for the negligence complained of having grown out of ownership of real estate held by tenants in common, all three owners were required to be joined**: 20 R.C.L. 678, § 17. Accordingly, the City named John, George[,] and Carl Henkel in its complaint to bring them in as additional defendants. However, John Henkel was not served, but that fact did not bar proceeding to trial and obtaining a verdict in the City's favor, for the full amount of the verdict which the jury returned for plaintiff, against George and Carl, both of whom were served.[FN] We are satisfied that no error was committed in refusing the motion of these appellants for a new trial.

---

[FN] Comment 3 to Procedural Rule No. 2227 (a) states: "A plaintiff must join all the obligors to a purely joint obligation if he brings an action upon it. He may, however, be unable to obtain service and these rules provide that under such circumstances he may

- 6 -

proceed against those he can serve and then proceed against the others thereafter either in the same or other actions."

*Minner*, 69 A.2d at 387 (footnote in original, emphasis added). Significantly, the Pennsylvania Supreme Court has not overruled *Minner* or narrowed its application.

This Court's repeated reliance on *Minner* likewise shows its continued force and effect. In *Moorehead v. Lopatin*, 445 A.2d 1308 (Pa. Super. 1982), this Court quoted *Minner* with approval, extending its holding to property held by joint tenants with right of survivorship. *Moorehead*, 445 A.2d at 1309. We stated, "Clear guidance as to the correct result to be achieved may be found … in *Minner*[.]" *Moorhead*, 445 A.2d at 1309. We further explained:

> In rejecting the property owners' claim that the nonservice of the third property owner resulted in a failure to join an indispensable party, our [S]upreme [C]ourt declared:
>
> > ***The liability for the negligence complained of having grown out of ownership of real estate held by tenants in common, all three owners were required to be joined.*** 20 R.C.L. 678, 17. ….

*Moorehead*, 445 A.2d at 1310 (emphasis in original) (quoting *Minner*, 69 A.2d at 387). Applying *Minner*, the Court upheld the entry of summary judgment against the plaintiff, for failure to join a joint tenant as an indispensable party:

> In the instant appeal, the plaintiff was on notice that the property in question was held jointly by virtue of the deed recorded seventeen months before the accident, which deed remained of record at the time the complaint was filed. Though plaintiff could

have sought leave to amend his complaint, such amendment would have been to no avail at any time after February 3, 1980, due to the applicable statute of limitations.

….

Pa.R.C.P. 2227(a) requires dismissal of an action, brought against only one party where there exists no timely attempt to join another necessary party as a defendant. *Minner* … , 69 A.2d 384.

Where, as here, the plaintiff seeks to proceed against only one person upon a cause of action involving the alleged negligent maintenance of real estate owned by two parties as tenants by the entireties, and where no attempt has been made to amend the complaint to join the spouse within the period allowed by the applicable statute of limitations, we find no difficulty in holding that summary judgment dismissing the complaint is dictated.

*Moorehead*, 445 A.2d at 1310-11 (footnote omitted).

Similarly, in *Enright v. Kirkendall*, 819 A.2d 555 (Pa. Super. 2003), which also involved entireties property, this Court relied on *Minner* and *Moorhead*. *See Enright*, 819 A.2d at 857 (quoting *Moorehead*, 445 A.2d at 1310 (citing *Minner*)). This Court again required the joinder of the joint tenant "because Appellee was sued in his capacity as 'owner' rather than merely an 'occupant' of the realty at issue …." *Id.* at 558.

Instantly, Appellant asserted liability arising, in part, from Alam's "ownership" of the Premises. Complaint, 12/2/19, ¶ 3. Alam and Mr. Alam own the Premises as tenants in common. N.T., 10/7/20, at 7. When individuals own property as tenants in common, they "own and possess in equal shares an undivided interest in the whole property." *In re Engel's Estate*, 198 A.2d 505, 507 (Pa. 1964). "[A] tenancy in common is an

estate in which there is unity of possession but separate and distinct titles."

***In re Estate of Quick***, 905 A.2d 471, 474 (Pa. 2006).

Appellant asserted premises liability arising, in part, out of Alam's ownership of the property:

3.   On or about Tuesday, January 16, 2018, [Alam] **owned**, possessed, maintained controlled and/or had the right to control [the Premises] ….

….

7.   On Tuesday, January 16, 2018, [Appellant] fell on the Premises as a result of a defective and dangerous condition of the Premises created by [Alam], namely an accumulation of ice on the landing/sidewalk/walkway area beneath the stairs leading from the second floor **which was the result of broken, leaky, and/or misrouted rain gutters and rain spouts that created a dangerous condition and hazard** and caused a foreseeable risk of falling known to [Alam].

8.   At all times material, [Alam] was aware or should have been aware of the defective and dangerous condition of the Premises.

9.   **The aforesaid defective and dangerous condition of the Premises was either <u>created by</u> or allowed to remain by [Alam].**

….

20.   The negligence of [Alam] consisted of the following:

a. **Creating the dangerous condition of the Premises by misrouting, misdirecting rainwater onto the said landing/walkway/sidewalk area;**

b. **Failing to properly, completely, and thoroughly inspect the subject area for dangerous and hazardous conditions including the accumulation of ice and faulty rainspouts and gutters;**

c.   Inviting use of the defective and dangerous path of travel;

- 9 -

**d. Creating the defective and dangerous condition of the common area landing/walkway/sidewalk/staircase;**

**e. Allowing the defective and dangerous condition to exist and remain for an unreasonable amount of time;**

f. Failure to maintain the subject area;

g. Failure to remove the accumulation of ice and/or salt …;

**h. Failure to hire a competent property management and or maintenance service;**

i. Failure to provide sufficient lighting in the area of the defect;

**j. Failure to provide an alternate means of egress;**

k. Failure to hire a competent snow and ice removal company; and

l. Failure to warn pedestrians/residents/ invitees, including [Appellant,] of the aforesaid defective conditions of the property.

Complaint, 12/2/19, ¶¶ 3, 7-9, 20 (emphasis added).

Our review discloses that Alam did not live on the Premises, but in New Jersey. N.T. (Deposition of Alam), 7/23/20, at 3. Alam and Mr. Alam purchased the Premises in 2017 as an investment property. *Id.* at 4. Alam indicated that Appellant moved into the Premises "about a month before I bought the property." *Id.* at 5. Alam testified that Mr. Alam was also listed on the deed as the owner of the Premises. *Id.*

Appellant's liability claim is expressly premised, in part, on Alam's ownership of real property. *Id.* ¶ 3. As in *Minner*, Alam's liability for negligence arose from his ownership of the Premises. *See Minner*, 69 A.2d

at 387. Consequently, Appellant's failure to join the Premises' co-owner, Mr. Alam, requires dismissal of the action for failure to join an indispensable party. *See Moorehead*, 445 A.2d at 1310-11 (quoting *Minner* and stating, "Pa.R.C.P. 2227(a) requires dismissal of an action, brought against only one party, where there exists no timely attempt to join another necessary party as a defendant."); *Enright*, 819 A.2d at 557 (same). Accordingly, we affirm the trial court's order dismissing Appellant's action for failure to join an indispensable party.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2023