**[J-92-2024]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| NICOLE SIMONE, | : | No. 35 MAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 1536 MDA |
| | : | 2022, entered on September 21, |
| v. | : | 2023, Affirming the Order of the |
| | : | Luzerne County Court of Common |
| | : | Pleas, Civil Division, at No. 2019- |
| MOHAMMED ZAKIUL ALAM, | : | 14323, entered on October 7, 2022. |
| | : | |
| Appellee | : | ARGUED:  November 20, 2024 |

**OPINION**

**JUSTICE MUNDY**                          **DECIDED:  March 20, 2025**

We granted allowance of appeal to consider whether an individual who was a tenant in common of real property—but who was not in possession or control of the property—is an indispensable party in a premises liability action against another tenant in common who exercised possession and control over the property at the time of the plaintiff's injury.  Because we conclude that a tenant in common who did not exercise possession or control over the property is not an indispensable party in a premises liability action, we reverse the order of the Superior Court and remand for further proceedings.

**I.  FACTUAL AND PROCEDURAL HISTORY**

On January 16, 2018, Appellant Nicole Simone, a resident in a multi-tenant building (Premises), fell after slipping on an accumulation of ice on a walkway in a common area of the Premises and was injured.  She filed a premises liability action on December 2, 2019 against Appellee Mohammed Zakiul Alam, asserting Appellee "owned,

possessed, maintained, controlled and/or had the right to control" the Premises and had a duty to oversee its common areas. Complaint, 12/2/19, ¶¶ 3, 5. The complaint alleged that the accumulation of ice was created by damaged or misrouted rain gutters and spouts, and Appellee negligently maintained the Premises, which caused her injuries. *Id.* at ¶¶ 7-12, 20. Consequently, Simone sought an *in personam* judgment against Appellee in excess of $50,000.00. *Id.* at 5.

On December 18, 2019, Appellee filed an answer with new matter in which he admitted he was the owner of the Premises on the date of Simone's injury but denied as conclusions of law the averments regarding possession and control. Ans. with New Matter, 12/18/19, at ¶ 3. Subsequently, on October 7, 2022, Appellee filed a motion to dismiss for failure to join an indispensable party, specifically his brother, Mohammed Zafiul Alam (Brother). Appellee contended that Brother was "a deeded owner of the premises, notwithstanding that he is not actively involved in the day-to-day management of the premises, which is handled by a third party." Mot. to Dismiss, 10/7/22, at ¶ 8. As Brother was "a joint owner" of the Premises at the time of Simone's injury, Appellee maintained he was an indispensable party, and Simone's failure to join Brother before the statute of limitations expired deprived the trial court of subject matter jurisdiction. *Id.* at ¶¶ 9-12. Accordingly, Appellee requested the trial court dismiss Simone's complaint with prejudice. *Id.* at ¶ 13.

On that same day, the trial court held oral argument on Appellee's motion to dismiss. During argument, Appellee indicated that the deed to the property, which he had not attached to the motion to dismiss, listed Appellee and Brother as grantees and was otherwise silent as to their specific interests. N.T., 10/7/22, at 6. As the deed was silent, Appellee noted Pennsylvania law presumes they are tenants in common. *Id.* Appellee argued that the court should dismiss the case for Simone's failure to join an indispensable

party pursuant to Pennsylvania Rule of Civil Procedure 2227(a), which provides "[p]ersons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Pa.R.Civ.P. 2227(a).

Simone responded that Brother was not an indispensable party according to the factors identified in Pennsylvania case law because he did not have a right or interest in the claim and justice could be afforded without violating his due process rights. N.T., 10/7/22, at 7-8. Citing Appellee's deposition testimony, Simone maintained she was not required to join Brother because Appellee, as the possessor of the property, was liable for her damages, and Brother was not on the lease, was not a landlord collecting rent, and was not in control of the Premises. *Id.* at 10. Simone argued Brother was a landlord out of possession who had no interest in the action because he was not liable for the possessor's negligence, and the case would not affect his title in the property. *Id.* at 12-14. As such, Simone contended Brother was not an indispensable party.

That same day, October 7, 2022, the trial court granted Appellee's motion to dismiss. Trial Ct. Order, 10/7/22. After the trial court denied Simone's motion to vacate and reconsider, she appealed to the Superior Court. In its Rule 1925(a) opinion, the trial court noted that Brother was a co-owner of the Premises on the date of Simone's injury, that Appellee had informed Simone of that fact in his answers to interrogatories and at his deposition, and that Simone did not seek leave to name Brother as a defendant. Trial Ct. Op., 1/17/23, at 2. Rejecting Simone's argument that Brother was not an indispensable party because Appellee served as the managing owner of the Premises, the trial court agreed with Appellee that Pennsylvania law requires the joinder of all co-owners of the property in a premises liability action. *Id.* Specifically, the trial court quoted *Minner v. City of Pittsburgh*, 69 A.2d 384 (Pa. 1949), in which this Court stated that "[t]he liability for the negligence complained of having grown out of ownership of real estate

held by tenants in common, all three owners were required to be joined." Trial Ct. Op., 1/17/23, at 2 (quoting *Minner*, 69 A.2d at 387). The court further noted *Minner* appeared to be good law and was recently relied upon by the Superior Court in *Moorehead v. Lopatin*, 445 A.2d 1308 (Pa. Super. 1982), and *Enright v. Kirkendall*, 819 A.2d 555 (Pa. Super. 2003), although those cases were distinguishable because they involved the failure to join a spouse in a tenancy by the entirety. Trial Ct. Op., 1/17/23, at 2-3. Accordingly, the trial court held Brother was an indispensable party based on *Minner* and dismissed Simone's complaint without prejudice.

For context, in *Minner*, the plaintiff filed a personal injury action against the City of Pittsburgh for damages arising out of a slip and fall on a sidewalk in front of a property owned by John, George, and Carl Henkel. *Minner*, 69 A.2d at 385. The City joined the three Henkels as additional defendants, but John Henkel was unable to be served. *Id.* George and Carl Henkel then joined Commonwealth Trust Company and George Davies, alleging they were mortgagees in possession of the property. *Id.* By agreement of the parties, the case proceeded to a jury trial to determine the liability of the City only, and the jury returned a verdict for the plaintiff against the City. *Id.* The trial court then directed a verdict in the same amount against George and Carl Henkel, and it directed a verdict in favor of Davies and Commonwealth Trust Company. *Id.* at 385-86.

On appeal to this Court, George and Carl argued, in relevant part, that the trial court erred in directing a verdict against them because the record showed they were not the owners in possession and control of the property and because the record did not establish that they had notice of the sidewalk's defective condition. *Id.* at 386. The *Minner* Court concluded the undisputed facts established that the Henkels were the owners in possession and control of the property at the time of the plaintiff's injury. *Id.* Specifically, the Court explained that before the date of the incident, the Henkels' uncle devised the

property to them in his will with a one-sixth share to each George and Carl and a two-thirds share to John. *Id.* The record reflected that the Henkels accepted the devise because, approximately 7 months after the date of the accident, they sold the property to third parties, which in this Court's view established that they had "accepted the devise and exercised dominion over the property." *Id.* Further, the Court explained that Commonwealth Trust Company and Davies were not in possession and control of the property because they merely accepted rents from John Henkels' agent. *Id.* The Court continued that the only occupant of the property was a tenant of one floor of the building who was not in possession of the entire building or responsible for the sidewalk, "which left the sidewalk in possession of the owners." *Id.* Because the foregoing facts were undisputed, the Court noted the issue of whether the Henkels were in possession and control of the property became a question of law and held that the trial court properly directed a verdict in favor of the City and against the Henkels. *Id.* at 386-87. Based on its conclusion that the Henkels were in possession of the property, the Court found that proof of actual notice of the defective sidewalk was not necessary as the evidence of constructive notice to the City also applied to the Henkels as owners. *Id.* at 387.

The *Minner* Court proceeded to reject George and Carl's argument that the trial court erred in directing a verdict for the full amount against only them when John Henkel, an indispensable party, had not been served. *Id.* The Court noted that Rule 2227(a) mandates the joinder of persons with "only a joint interest in the subject matter of an action" and Rule 1032 provides that a court must dismiss a case for the failure to join an indispensable party. *Id.* (quoting Pa.R.Civ.P. 2227(a)). The Court then stated, as quoted by the trial court in this case, that "[t]he liability for the negligence complained of having grown out of ownership of real estate held by tenants in common, all three owners were required to be joined." *Id.* (citing 20 Ruling Case Law 678, § 17 (1918)). Because all

three owners were joined, the *Minner* Court concluded the lack of service on John "did not bar proceeding to a trial and obtaining a verdict in the City's favor, for the full amount of the verdict which the jury returned for the plaintiff, against George and Carl, both of whom were served." *Id.*

Returning to our discussion of this case, the Superior Court in a unanimous published opinion affirmed the trial court's conclusion that Simone's failure to join Brother, as the Premises' co-owner, required the dismissal of the case for failure to join an indispensable party. *Simone v. Alam*, 303 A.3d 140, 146 (Pa. Super. 2023). The Superior Court observed that the failure to join an indispensable party deprives the trial court of subject matter jurisdiction. *Id.* at 142. As the issue of whether a court has subject matter jurisdiction is a question of law, the court noted its standard of review was *de novo*. *Id.*

The Superior Court concluded that tenants in common are indispensable parties when liability arises out of ownership of real property. *Id.* at 143. The court explained that Rule 2227 mandates the joinder of parties with a joint interest in the subject matter of the case because of the "unity and identity of the interests of the co-owners who are to be joined." *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Ware's Van Storage*, 953 A.2d 568, 573 (Pa. Super. 2008)). Relying on *Minner*, the Superior Court reasoned that all owners in a tenancy in common must be joined when the alleged negligence arises out of the ownership of real estate. *Id.* The court found this Court has not overruled *Minner* or narrowed its application. *Id.* at 144. Moreover, the Superior Court explained that its "repeated reliance on *Minner* likewise shows its continued force and effect." *Id.* at 144-45 (discussing *Moorehead*, 445 A.2d at 1310-11; *Enright*, 819 A.2d at 558).

Applying *Minner* to this case, the Superior Court determined that Simone's premises liability claims were based, in part, on Appellee's ownership of the Premises. *Id.* at 145. Because Brother was a co-owner of the Premises, the Superior Court held

that Simone's failure to join Brother "require[d] dismissal of the action for failure to join an indispensable party." *Id.* at 146 (citing *Moorehead*, 445 A.2d at 1310-11; *Enright*, 819 A.2d at 557). Accordingly, the Superior Court affirmed the trial court's order dismissing Simone's complaint. *Id.*

## II. ISSUE AND STANDARD OF REVIEW

This Court granted review and rephrased the issue as follows: "Whether a tenant in common of real property who does not exercise possession or control thereover is an indispensable party in a premises liability action?" *Simone v. Alam*, 318 A.3d 759 (Pa. 2024) (per curiam). As the failure to join an indispensable party implicates a court's subject matter jurisdiction, our standard of review is *de novo* and our scope of review is plenary. *Pa. State Educ. Ass'n ex rel. Wilson v. Commonwealth, Dep't of Cmty. & Econ. Dev.* (*Wilson*), 50 A.3d 1263, 1270 (Pa. 2012).

## III. CO-OWNERS IN A TENANCY IN COMMON AS INDISPENSABLE PARTIES

## A. PARTIES' ARGUMENTS

Simone argues that a tenant in common who is not in possession or control of the real property is not an indispensable party in a premises liability action under Rule 2227. To support her position, Simone first cites to a non-precedential Superior Court memorandum decision holding that tenants in common are not indispensable parties because Rule 2227 applies only when the owners' rights or liabilities are solely joint. Simone's Br. at 11 (discussing *Healey v. Capone*, 442 A.2d 341 (Pa. Super. 1982) (unpublished memorandum)). Simone does not, however, address the Superior Court's note that Pa.R.A.P. 126(b) permits the citation of its non-precedential decisions filed after May 1, 2019 for their persuasive value. *Simone*, 303 A.3d at 142 n.2 (citing Pa.R.A.P. 126(b)).

Simone continues that there are no Pennsylvania cases holding tenants in common are indispensable parties without exception, but the Washington Supreme Court has found that a premises liability action may proceed against the possessor of the premises alone without joining the true owner. Simone's Br. at 12 (citing *Gildon v. Simon Prop. Grp., Inc.*, 145 P.3d 1196 (Wash. 2006)). Because the Washington court relied on the Restatement (Second) of Torts Section 328E's definition of a "possessor of land,"[1] which Simone contends Pennsylvania also follows, Simone maintains that premises liability in Pennsylvania "revolves around possession and control of property, not ownership alone." *Id.* (emphasis removed) (citing *Blackman v. Fed. Realty Inv. Tr.*, 664 A.2d 139, 142 (Pa. Super. 1986)). As Section 343 of the Restatement provides that a "possessor of land" is liable for a dangerous condition of the property,[2] Simone contends

---

[1] Section 328E of the Restatement (Second) of Torts defines a possessor of land as follows:

> (a) a person who is in occupation of the land with intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

RESTATEMENT (SECOND) OF TORTS § 328E; *see also Stanton v. Lackawanna Energy, Ltd.*, 886 A.2d 667, 677 (Pa. 2005) (adopting Section 328E as an accurate statement of Pennsylvania law to define possessor of land).

[2] Section 343 of the Restatement (Second) of Torts provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(continued…)

Brother could not be liable for her injuries as he did not meet Section 328E's definition of a possessor of land. *Id.* at 13.

Simone then distinguishes a tenancy in common from a joint tenancy with the right of survivorship, arguing only the latter qualifies as a joint interest under Rule 2227. Simone explains that a joint tenancy with the right of survivorship vests title equally in each joint tenant during the owners' lifetimes, with sole ownership passing to the surviving joint tenant(s) upon the death of another joint tenant. *Id.* at 14 (citing *In re Parkhurst's Est.*, 167 A.2d 476, 478 (Pa. 1961)). A tenancy in common is different as the co-tenants have separate titles that pass to their heirs upon death. *Id.* (citing *Stewart v. Cummings*, 165 A.2d 544, 545 (Pa. Super. 1933)). Simone points out that Appellee conceded he and Brother own the Premises as tenants in common. *Id.* This fact, in Simone's view, renders inapt Appellee's reliance on *Moorehead* and *Enright* as both of those cases involved the failure to join the named defendant's spouse in a tenancy by the entireties, which is a joint interest with particular rules. *Id.* at 15. Simone notes that the trial court made this distinction, but then relied on *Minner*, which is also inapplicable to this case. *Id.* at 16.

---

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS § 343. This Court recognized the adoption of Section 343 in *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 414 A.2d 100, 103 (Pa. 1980).

Simone argues that the *Minner* Court required the joinder of all three tenants in common only because the three owners also had possession and control of the property. *Id.* Simone highlights that *Minner* stated exclusive possession and control was necessary to establish liability, and she disagrees that mere ownership is sufficient. *Id.* (quoting *Minner*, 69 A.2d at 388 ("[s]ince [George and Carl Henkel] were in possession, they cannot escape liability for failure to make or cause to be made reasonable inspection and repairs")). Simone criticizes the trial court and Superior Court for failing to recognize that the liability in *Minner* arose out of possession and control, not ownership alone. *Id.* Simone posits that the only reason ownership was an issue in *Minner* was because the defendants attempted to escape liability by asserting that they never accepted ownership, an argument this Court rejected and then found their ownership also established possession and control. *Id.* at 17. *Minner*, however, is distinguishable from this case on its facts, in Simone's view, because Appellee's deposition testimony and the lease establish that Appellee alone possessed, managed, maintained, and leased the Premises. *Id.* at 17-20.

Moreover, Simone emphasizes that she has no claim against Brother because he was not in possession and control of the Premises, the lease was between Simone and Appellee, and Brother had no obligation to her. *Id.* at 21. Because Simone did not seek liability against Brother, and his rights as a tenant in common would not be prejudiced by an imposition of liability on Appellee alone, Simone maintains Brother is not an indispensable party. *Id.* at 22. Simone analogizes the ownership arrangement in this case to cases holding that a landlord out of possession has no duty to third persons and is not liable in a premises liability action. *Id.*

Lastly, Simone advocates applying the factors this Court has outlined to determine whether Brother is an indispensable party. *Id.* at 23. Simone notes the basic inquiry is

"whether justice can be done in the absence of a third party," *Wilson*, 50 A.3d at 1277, and this Court has outlined at least four factors a trial court analyzing the indispensable party question must consider:

> 1. Do absent parties have a right or interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?

*Mechanicsburg Area Sch. Dist. v. Kline*, 431 A.2d 953, 956 (Pa. 1981). Simone maintains tenants in common are not generally indispensable, and Brother has no right or interest in this premises liability action. Simone's Br. at 23. Because Simone has no claim against Brother, and Appellee had possession and control of the Premises, Simone insists justice can be afforded without violating Brother's rights. *Id.* at 24. Accordingly, Simone asks us to reverse the Superior Court and remand to the trial court for further proceedings.

In response, Appellee maintains the lower courts properly found Brother was an indispensable party under Rule 2227 because both Appellee and Brother, as deeded owners of the Premises, "possessed ownership and possession of the property in equal shares and in an undivided interest in the whole property." Appellee's Br. at 7. Relying on *Minner*, *Moorehead*, and *Enright*, Appellee argues that "it is black-letter law in Pennsylvania that in liability claims stemming from negligence, born out of real estate ownership held by tenants in common, all owners are required to be joined." *Id.* at 8. Appellee further asserts that both he and Brother have exclusive possession and control of the Premises due to their "joint and deeded ownership." *Id.* at 9.

Additionally, Appellee contends that public policy requires the joinder of all deeded owners of property in a claim alleging negligence related to that property. *Id.* at 10. Otherwise, Appellee argues, the owners who are not joined are "deprived of their rights to respond to the allegations, to participate in the litigation, and protect their interests." *Id.* at 10-11. Further, Appellee posits that a judgment against one owner has an impact on the title of the property which may harm any other owners who were not joined. *Id.* at 11. As Simone's complaint alleged liability, in part, arising out of Appellee's ownership, Appellee maintains that both owners of the Premises should have been joined. *Id.* Because Brother was not joined, Appellee contends this Court should affirm the lower courts' application of black-letter case law requiring the joinder of all tenants in common as indispensable parties in premises liability actions.

## B. ANALYSIS

Pennsylvania Rule of Civil Procedure 2227 provides for compulsory joinder as follows:

> (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.
>
> (b) If a person who must be joined as a plaintiff refuses to join, he or she shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.

Pa.R.Civ.P. 2227.

When interpreting a rule of procedure, Pennsylvania Rule of Civil Procedure 126(b) directs us to apply the principles set forth in the Pennsylvania Rules of Judicial Administration 104 to 115. Pa.R.Civ.P. 126(b). Those principles shall be applied "unless the application of such principles would result in a construction inconsistent with the manifest intent of the Supreme Court." Pa.R.J.A. 104. Accordingly, "[w]ords and phrases

shall be construed according to rules of grammar and according to their common and approved usage," and those that "are expressly defined by rule shall be construed according to such . . . express meaning or definition." Pa.R.J.A. 106. Further, "[t]he object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court," and "[e]very rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.J.A. 108(a), (b). Only when the text of a rule is ambiguous may we consider other factors, including our precedent interpreting the rule, the rule's commentary, the rulemaking history, and the consequences of a particular interpretation. Pa.R.J.A. 108(c). Additionally, the Rules of Civil Procedure provide they "shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.Civ.P. 126(b).

With these interpretative principles in mind, we return to Rule 2227. Again, it provides that persons with "only a joint interest in the subject matter of an action" are indispensable parties. Stating that persons with "only a joint interest" must be joined distinguishes compulsory joinder under Rule 2227 from permissive joinder under Rule 2229, which permits the joinder of persons with "any right to relief jointly, severally, separately or in the alternative . . . ." *Compare* Pa.R.Civ.P. 2227 *with* Pa.R.Civ.P. 2229. A joint interest is one "that is acquired at the same time and by the same title as another person's." *Interest(2)*, BLACK'S LAW DICTIONARY (12th ed. 2024). By the plain text of Rule 2227, the indispensable party's joint interest must be "in the subject matter of an action." Subject matter is "[t]he issue presented for consideration; the thing in which a right or duty has been asserted; the thing in dispute." *Subject Matter*, BLACK'S LAW DICTIONARY (12th ed. 2024). Further, Rule 2226 defines an action as "any civil action or proceeding brought

in or appealed to any court of record which is subject to these rules." Pa.R.Civ.P. 2226. Accordingly, Rule 2227's compulsory joinder rule applies to parties that have the same interest in the issue presented in an action.

The subject matter of a premises liability action, which sounds in negligence, is the liability of a possessor of land for injuries sustained because of a dangerous condition on the land. *See, e.g.*, *Gutteridge v. A.P. Green Servs., Inc.*, 804 A.2d 643, 655-56 (Pa. Super. 2002) (en banc). A possessor of land owes a duty of care to those who enter the premises, and the duty is contingent on the person's status as an invitee, licensee, or trespasser. *Id.* at 655. Liability is predicated on possession and control of the premises, as opposed to ownership, because the duty of care arises out of the possession and control of the premises. *See Dinio v. Goshorn*, 270 A.2d 203, 206 (Pa. 1969) ("[i]t is clear that a landlord out of possession is generally not liable for bodily harm sustained on his property by the lessee"); *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007) ("liability is premised primarily on possession and control, and not merely [on] ownership.") (brackets in original) (quoting *Deeter v. Dull Corp., Inc.*, 617 A.2d 336, 339 (Pa. Super. 1992)). Accordingly, for purposes of Pennsylvania Rule of Civil Procedure 2227, all parties who have a joint interest in possession and control of the premises must be joined in a premises liability action.

Appellee maintains the principle that tenants in common are indispensable parties in premises liability actions is black letter law in Pennsylvania. Appellee's position is based on the *Minner* Court's statement that "[t]he liability for the negligence complained of having grown out of ownership of real estate held by tenants in common, all three owners were required to be joined." *Minner*, 69 A.2d at 387. The *Minner* Court did not elaborate on that statement and cited only a legal treatise, Ruling Case Law, in support of its statement. That source sets forth the general rule that "[j]oint tortfeasors may be

sued separately or jointly," and explains there is an exception "where the liability for the tort complained of grows out of ownership of real estate held jointly or in common. In such a case, where the proprietors of the land have neglected a duty incident to their title, all should be joined as defendants." 20 Ruling Case Law 678-79, § 17 (1918) (footnotes omitted).

We decline to extend *Minner* to this case. The *Minner* Court found the three co-owners were in possession and control of the property because they were the owners of the property at the time of the plaintiff's injury, which led to its conclusion that all three owners had to be joined because liability arose from ownership. *Minner*, 69 A.2d at 386-87. In *Minner*, there were no other indica of possession and control aside from ownership. Accordingly, *Minner*'s compulsory joinder ruling is limited to its facts, where a person's status as a possessor of land is derived from ownership alone, *i.e.*, "a person who is entitled to immediate occupation of the land, if no other person is in possession[.]" RESTATEMENT (SECOND) OF TORTS § 328E(c). A possessor of land, however, is not always the owner of the land. Section 328E of the Restatement (Second) of Torts defines a "possessor of land" as:

> (a) a person who is in occupation of the land with intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Id.* Because Pennsylvania law imposes liability on possessors of land, owners of the premises who are not in possession are not indispensable parties under Rule 2227 as they do not have a joint interest in the subject matter of a premises liability case.

Here, the record reflects that Appellee exercised sole possession and control over the property. Appellee testified in his deposition that he manages the Premises as a rental property. N.T., 7/23/20, at 6. Brother was not involved in selecting the Premises for purchase and was not involved in managing the Premises as a rental property. *Id.* Appellee hired a property manager who contacted Appellee to inform him of repairs and to obtain the funding for repairs. *Id.* at 7. Appellee paid the property manager a monthly flat fee directly. *Id.* at 9. Appellee acknowledged that he instructed the property manager on snow and ice removal. *Id.* at 22. Additionally, Appellee is the landlord according to Simone's lease. *Id.* at 6. Brother is not a party to the lease. *Id.* Simone and her co-tenant paid rent directly to Appellee by depositing the funds into his account. *Id.* at 6-7. According to the lease, Simone and her co-tenant were not responsible for snow removal, salting, or outside maintenance. *Id.* at 30. Moreover, Appellee's motion to dismiss confirmed that Brother was "a deeded owner of the premises, notwithstanding that he is not actively involved in the day-to-day management of the premises, which is handled by a third party." Mot. to Dismiss, 10/7/22, at ¶ 8. Based on the record, Brother was not a possessor of the Premises on the date of Simone's injury because Appellee alone was the landlord in occupation with intent to control the Premises' common areas.[3] As such,

---

[3] Regarding a landlord's liability for a dangerous condition of leased premises, this Court has explained:

> As a general rule, a landlord does not warrant that the leased premises are in a tenantable condition. However, where the landlord retains control of a part of the leased premises, which is necessary to the safe use of the leased portion, he is liable to the lessee and others lawfully on the premises for physical harm caused by a dangerous condition existing upon that part over which he retains control, if by the exercise of reasonable care he could have discovered the condition and the risk involved, and made the condition safe.

*Smith v. M. P. W. Realty Co.*, 225 A.2d 227, 229 (Pa. 1967).

Brother did not have a joint interest in the duty of care Appellee owed to Simone, and he was not an indispensable party to the premises liability action.

Further, the lower courts erred in applying *Minner* to this case and concluding that Simone's claims arose, in part, out of Appellee's ownership of the Premises. Reading the complaint as a whole, Simone asserted a premises liability action against Appellee for breaching his duty to Simone, as his invitee and tenant, to maintain safe conditions on the property and to remedy dangerous conditions that he could have discovered through reasonable care. Complaint, 12/2/19, ¶ 3-13. Simone's specific allegations of negligence did not relate to Appellee's mere ownership of the Premises but to his actions in possessing, controlling, and maintaining the Premises. *Id.* at ¶ 20. As the potential liability arises out of Appellee's status as a possessor of land and a landlord, not as a mere owner, the lower courts incorrectly concluded that the co-owner of the property who was not in possession or control of it was an indispensable party. *See Dinio*, 270 A.2d at 206; *Jones*, 940 A.2d at 454.

Moreover, Appellee's public policy arguments are unpersuasive given the plain language of Pennsylvania Rule of Civil Procedure does not require the joinder of a tenant in common who was not in possession of the property at the time the premises liability claim arose. Here, Simone alleged liability as to Appellee only, and any *in personam* judgment she is able to obtain will not affect Brother personally or his title to the Premises. *See Werner v. Quality Serv. Oil Co., Inc.*, 486 A.2d 1009, 1012 (Pa. Super. 1984) (noting a tenancy in common has separate and distinct titles such that "a tenant in common may, without the consent of his cotenant, sell, convey or dispose of his undivided interest in the property [or] maintain an action at law to recover monetary damages for injury done to his interest in the property."). Accordingly, this case does not affect Brother's rights or

interests, and he is not an indispensable party. *See Mechanicsburg*, 431 A.2d at 956 (listing the considerations to determine whether a party is indispensable).

## IV. CONCLUSION

For these reasons, we conclude Brother as a tenant in common who did not exercise possession or control over the Premises was not an indispensable party in the premises liability action Simone brought against Appellee. Further, we disagree with the Superior Court's application of *Minner* to these facts. Accordingly, we reverse the order of the Superior Court affirming the dismissal of this case and remand for further proceedings.

Chief Justice Todd and Justices Donohue, Dougherty, Wecht, Brobson and McCaffery join the opinion.